# PRUITT, ET AL. V. STUART.

1. The jurisdiction of justices of the peace, is limited to cases in which the amount in controversy does not exceed fifty dollars; and where a judgment rendered by a justice is appealed from, the recovery in the appellate court, should not exceed the sum of fifty dollars, with interest from the time the primary judgment was rendered. But where the judgment on appeal is consequent upon *a verdict*, it will not be reversed on error, because it is rendered for a sum greater than that which limits the jurisdiction of justices, with interest from the time stated.

WRIT of Error to the County Court of Lowndes.

This was a suit commenced before a justice of the peace, by the defendant, for the recovery of a debt as stated in the summons, amounting to forty-seven 50-100 dollars. A judgment being rendered by the justice for the sum of fifty dollars besides costs, the proceedings were removed by *certiorari* to the County Court, where the plaintiff filed a formal declaration, alleging that two of the plaintiffs in error, were indebted to him on the first day of January, 1839, in the sum of forty-seven 50-100 dollars, for work and labor done, &c. The cause was tried by a jury, who returned a verdict for the plaintiff below, assessing his damages at fifty-eight 90-100 dollars; and on this verdict a judgment was rendered against the parties declared against, and their co-plaintiff, who was their security for the successful prosecution of the case in the County Court.

COOK, for plaintiff in error.
J. P. SAFFOLD, for the defendant.

COLLIER, C. J.—It is insisted that the County Court could not render a judgment for a sum above the jurisdiction of the justice of the peace, before whom the cause was instituted, and that it should not have entertained the case.

The jurisdiction of justices of the peace, is expressly limited by law, to cases in which the amount in controversy does not exceed fifty dollars. And where a suit seeking the recovery of money, originates in one of these inferior tribunals, if it is remov-

Pruitt, et al. v. Stuart.

ed to the Circuit or County Court, the judgment should not exceed the amount for which the primary jurisdiction was authorised to proceed, unless it be increased by the addition of interest, accruing since the rendition of the judgment appealed from. If the law were otherwise, a party having a demand, for a sum far beyond the limitation prescribed, might cause a warrant to be issued by a justice, suffer a judgment to be rendered against him by an intentional failure to adduce any proof, and immediately prosecute an appeal, and recover all he claimed. A state of things, which would be in itself, an intolerable perversion of justice.

But as the jurisdiction of the County Court is not limited by the amount in controversy, in cases in which suits are originally brought there, it is allowable for a party, whose case comes up by appeal, to impliedly or expressly assent to the decision of a controversy, which the primary court is incompetent to adjust. The familiar rule, that consent cannot give jurisdiction, does not inhibit such a proceeding.

In the present case, the plaintiff claimed a sum of money by his declaration, which, with the addition of interest from the time it was alleged to be due, amounted to more than that for which the verdict was returned. No objection was made in the County Court to the judgment, and we think the case of Moore v. Coolidge, [1 Porter's Rep. 280,] which has been repeatedly recognized, is an authority to show that it cannot be reversed on error. There, it was objected to the judgment that the verdict on which it was rendered, was for an amount unauthorised by the cause of action alleged in the declaration; and such really appeared to be the fact, yet the court held, that the judgment was regular, and if the verdict was for two much, it should have been set aside or corrected in the Circuit Court.

The judgment of the County Court is affirmed.