# SMITH v. FLEMING.

1. The same rules which govern causes in justice's courts will control them when tried again in an appellate court, and judgment cannot be rendered there for a set off which exceeds fifty dollars against the consent of the plaintiff.

2. But if he omits to require the court thus to limit its judgment when the jury certifies a sum greator than fifty dollars, he will upon error, be presumed to have assented to the utmost exercise of the court's jurisdiction.

Error to the County Court of Chambers.

THIS suit was commenced by Smith against Fleming, in a justices court, and there the plaintiff had judgment for $20 57. The defendant appealed to the County Court,

where the plaintiff declared in assumpsit for a sum over $20. The defendant pleaded the general issue and set off, by stating the names of the pleas, but without showing what demand was intended to be set off.

At the trial, the jury found a verdict for the defendant, and certified in his favor the sum of $59 67, and for this sum the court rendered judgment against the plaintiff in favor of the defendant.

This judgmen is now assigned as error.

P. M. ALLISON, for the plaintiff in error, insisted that no judgment should have been rendered on the verdict against the plaintiff except for costs. [1 Chitty's Pl. 548; 3 Esp. 104; Digest, 338, § 141; Ib. 361 § 14.]

L. B. ROBINSON, contra, argued, that if the verdict was improper it could have been corrected in the court below, on a motion for a new trial, but the question of irregularity cannot be raised on error. [Moore v. Coolidge, 1 Porter, 280; Bowman v. Gary, 1 Ala. 326.] At any rate the party could have the judgment corrected in the court below, and therefore if corrected here, it should be at plaintiff's cost. Besides it may be presumed the party consented to waive the peculiar jurisdiction, and the general law of set off applies. [Pruitt v. Stewart, 5 Ala. 112.]

GOLDTHWAITE, J.—When a suit is appealed to the County Court, the cause is governed by the same rules which controlled it when before the justice's court. The statute directs, when a set off is offered in a justice's court, and is satisfactorily proved, the justice shall give judgment in favor of the defendant for the overplus, provided it does not exceed fifty dollars; but if it exceeds that sum, then the justice is to give judgment in favor of defendant for costs, provided he will enter a credit, or give the plaintiff a receipt for so much. [Digest, 361, § 14.] It is clear, if this is to govern, the judgment is irregular, as it exceeds fifty dollars.

2. But it is insisted, the plaintiff did not object in the court

below to its exercise of the utmost jurisdiction over the subject, and therefore the judgment ought not to be reversed, according to the principle settled in Pruitt v. Stewart, 5 Ala. Rep. 112. We think there is no substantial difference between that case and this. In either case the party is advised by the verdict of the amount of his indebtedness, and if he will not claim the advantage which he is entitled to, no injustice is done him, by entering the judgment accordingly. Indeed it is evident that such a course is, or sometimes may be, more beneficial to the party than to be at the expense of further litigation. However this may be, the just presumption is, that no injury is the consequence, if the party will lie by when he can avail himself of the privilege, without costs to his adversary, he shall not be permited to change the result in an appellate court. It is no answer to this view of the case, that the pleadings do not inform the party of the extent of the set off, because, however ignorant of it then, the verdict gives him all the information he can desire. We think the omission to require the court to enter the judgment for costs only, must be considered as assenting to the rendition of the judgment according to the verdict.

Judgment affirmed.