|102  575
|136  433

# Richmond & Danville Railroad Co. v. Hutto.

*Action of Assumpsit.*

1.   *Appeal from justice of the peace court; when judgment in circuit court not void, though in excess of justice's jurisdiction.*—When, after the judgment by a justice of the peace, the cause is taken by defendant to the circuit court by *certiorari*, a judgment by the latter court for plaintiff which includes the amount of the original judgment and interest thereon up to the date of the rendition of the judgment in the circuit court is not void, although the last judgment exceeds the amount for which the justice of the peace had jurisdiction to render a judgment; the addition of interest to the judgment of the justice of the peace being proper.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES J. BANKS.

[Richmond & Danville Railroad Co. v. Hutto.]

This was an action originally commenced by the appellee, John Hutto, against the appellant, the Richmond & Danville Railroad Company, before a justice of the peace; and sought to recover $100, due on an account for cross-ties. There was judgment for $100, and costs, against the defendant in the justice's court, and afterwards, the cause was taken by writ of *certiorari* to the circuit court. Subsequently, a judgment *nil dicit* was rendered against the defendant, and the surety on the appeal and supersedeas bond, for $114.66, a writ of enquiry having been duly executed.

The defendant appeals, and assigns as error the rendition of the judgment *nil dicit* against defendant in the circuit court, and the rendition of judgment for an amount in excess for an amount claimed by the complaint—$100— and for an amount over which the justice of the peace had jurisdiction.

JAMES WEATHERLY, for appellant, cited *Giddens v. Bolling*, 92 Ala. 586; *Lykes v. Schwarz*, 91 Ala. 461.

DAN'L A. GREENE, contra, cited *Pruitt v. Stuart*, 5 Ala. 112; *Ledbetter v. Castles*, 11 Ala. 149; *Waring v. Gilbert*, 25 Ala. 295; *Brooks v. Carter*, 36 Ala. 682.

HARALSON, J.—The only error insisted on is, that "the judgment rendered in this case is void on its face, being in excess of the jurisdiction of a justice of the peace in this State."

In *Pruitt v. Stuart*, 5 Ala. 112, this court held, that where a suit seeking the recovery of money, originates in a justice's court, and is removed by appeal or *certiorari* into the circuit court, the judgment there rendered should not exceed the amount for which the justice of the peace had jurisdiction to render a judgment, unless it be increased by the addition of interest, accruing since the rendition of the judgment appealed from. This judgment was rendered in the justice's court, on the 16th of June, 1891, for $100 and costs, and in the circuit court on 2d May, 1893, for $114.96, the amount of the original judgment and interest thereon up to the date of the rendition of the judgment in the circuit court, —which was the correct amount for which judgment should have been rendered.

[May & Thomas Hardware Co. v. McConnell.]

But, if it had been for a greater amount, if no objection had been raised thereto in the court below, its correctness could not be enquired into in this court.—*Pruitt v. Stuart, supra*; *Vaughan v. Robinson*, 20 Ala. 329; *Hays v. Myrick*, 47 Ala. 335, 345; *Drake v. Johnston*, 50 Ala. 1; *Richmond & Danville R. R. Co. v. Jones, ante*, p. 212.
  Affirmed.