(91 South. 318)
### DAVIS v. MORGAN. (8 Div. 375.)

(Supreme Court of Alabama. Oct. 27, 1921.)

**1. Judgment ⟢949(1)—Plea of res judicata not showing identity of parties or subject-matter or former judgment rendered on merits properly rejected.**

A special plea of res judicata was properly rejected, where it did not show there was either identity of parties or subject-matter or that the former judgment was rendered on the merits.

**2. Judgment ⟢951(2)—Evidence of former action properly rejected for want of showing of identity of parties or subject-matter or that it was on merits.**

Evidence as to a former suit was properly rejected where it was not shown that there was either identity of parties or of subject-matter or that the former judgment was rendered upon the merits.

**3. Sales ⟢480(4)—Where the question is one of title between holder of retention of title notes and subsequent purchaser of engine, all papers executed incidental to transaction held admissible.**

Where plaintiff claimed title to an engine through retention of title notes to his intestate, who afterwards bought from the purchaser of the engine land sold him by defendant and assumed a balance due on the purchase price, and defendant claimed title to the engine by a bill of sale and a mortgage subsequently executed by purchaser, and the question of title turned on whether or not plaintiff's intestate intended that the purchase of said land should operate as a satisfaction of the notes or whether he had given the purchaser of the engine authority to sell it, *held*, that all papers executed incidental to the transaction were admissible.

---

⟢For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Evidence ☞353(8)—On question of identity of property, mortgage and bill of sale admissible notwithstanding misdescription.**

Where a mortgage and a bill of sale incorrectly described a certain engine, but the undisputed proof showed that the vendor owned but one engine at the time, the question of the identity of the engine being for the jury, such instruments were admissible in evidence notwithstanding the misdescription.

**5. Appeal and error ☞1051(2)—Rejection of evidence to show possession otherwise established not prejudicial.**

Where the possession of property was otherwise established without conflict, the rejection of a power of attorney offered to show possession was not prejudicial.

**6. Evidence ☞413—Witness who prepared papers may testify to statements made by parties in regard thereto.**

A witness who prepared the papers in a transaction may testify as to statements made by the parties regarding said transaction without violation of the parol evidence rule.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Action by J. P. Davis, as administrator of E. G. Williamson, against H. J. Morgan, in detinue, trespass, and trover. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Street & Bradford, of Guntersville, for appellant.

Having attacked the identical papers on the same grounds in both suits, and having lost the first, Morgan was estopped in the second. 8 Am. Dig. Key-Nos. 712 and 713; 203 Ala. 205, 82 South. 455; 184 Ky. 638, 212 S. W. 442; Morgan was a party to the records. 164 Ala. 298, 51 South. 390; 45 Ala. 362; 102 S. E. 178; 23 Cyc. 1215. Prior possession would be sufficient, regardless of title. 12 Ala. 678; 2 Stew. 54; 32 Cyc. 667–78; 35 Cyc. 37, 187–191.

Orr & Killcrease, of Albertville, for appellee.

The court did not err in refusing to permit the plea. The instrument in writing was not admissible. Jones on Evidence, p. 376. The mortgage was not void because of the description. 83 Ala. 391, 3 South. 774; 135 Ala. 297, 33 South. 41. The case was properly presented to the jury, and no injury occurred.

GARDNER, J. Suit by appellant, as administrator of the estate of E. G. Williamson, deceased, to recover of appellee, under count 1, a Wheeland engine, or damages for the conversion or wrongful seizure thereof, claimed in counts 2 and 3. From a judgment for defendant, plaintiff prosecutes this appeal.

Upon the trial of the cause, after issue joined and a statement of the issues to the jury, counsel for plaintiff asked to be allowed to file a special plea of estoppel or res adjudicata to the effect that defendant relied in this suit upon a certain mortgage and bill of sale, upon which he also relied for recovery in certain litigation wherein he was plaintiff, and one Jones was defendant, involving a portion of the property embraced in plaintiff's retention of title notes, which had been sold by plaintiff to said Jones.

[1] Aside from any question as to the exercise of the discretion of the court in permitting the proposed plea to be filed at that time, we are of the opinion the statement of counsel failed to disclose the sufficiency of such plea as one of res adjudicata, as it was not made to appear there was either identity of parties or of subject-matter, or that the judgment rendered was upon the merits. Gilbreath v. Jones, 66 Ala. 129; Perkins v. Moore, 16 Ala. 9; 23 Cyc. pp. 1131, 1164, 1165. There was therefore no error in the refusal to allow such proposed plea to be filed.

[2] The foregoing is equally applicable to those assignments of error based upon the action of the court in sustaining objections to evidence offered as to such former suit, as the above-noted deficiencies as to the plea of res adjudicata were not offered to be supplied by any such proof.

[3] Plaintiff's intestate sold to one Williams certain machinery, the engine here in controversy being a part thereof, and as security took "retention title" notes. The defendant sold Williams a certain tract of land, and there remained due a portion of the purchase price. Williamson purchased the land from Williams and assumed the balance due the defendant Morgan. At the time of the consummation of this trade, all three parties were together with the justice of the peace who prepared the papers. Plaintiff claimed under retention title notes to Williamson, and defendant under a mortgage subsequently executed by Williams to Benefield Bros. and transferred to defendant, and also under bill of sale executed by said Williams.

The court properly instructed the jury that the plaintiff's title was superior to that of defendant, as defendant acquired his title subsequent thereto, and with full knowledge thereof, and that plaintiff should recover unless the jury found from the evidence that the transaction between the parties when plaintiff's intestate bought the land was intended as a satisfaction of the retention title notes, or that Williamson had at that time given to Williams full authority to sell this engine. Under these issues of fact, all of

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

these papers were properly admitted in evidence, including the Benefield mortgage as well as the bill of sale held by defendant.

[4] In these two latter instruments the property is described as one "Wheeler engine," but the proof shows without dispute that Williams owned but one engine at the time, and that was the engine purchased by him from Williamson. The court properly refused to reject these papers as evidence on account of this misdescription of the property, as under the circumstances it was for the jury's determination whether the property sued for and described therein was the same. Tompkins v. Henderson, 83 Ala. 391, 3 South. 774.

[5] The power of attorney executed by the heirs of Williamson to Luther Williamson and others, and offered in evidence in connection with what Williams stated, could serve no purpose under the issues presented, unless, as insisted by counsel, it were to establish prior possession. Such possession was otherwise established without conflict, and therefore the ruling of the court upon these matters could not have in any event been prejudicial to plaintiff's cause.

[6] Defendant admitted that property of the character here involved had advanced 33⅓ per cent. since his acquirement thereof. This fully meets the ruling complained of in the sixth assignment without a consideration of the merits thereof. It was competent for Rollins, who prepared the paper for the parties, to state what Williamson said in regard to permitting the engine to be sold; nor was his evidence subject to the objection that it varied the written contract. The plaintiff testified without objection, or any exception reserved thereto, that he received $200 after Williamson's death from one Hampton for a boiler. The eighth assignment of error is therefore without merit. There was no insistence that the Hampton payment of $200 for the boiler satisfied any indebtedness here involved, or that any commission claimed by defendant for the sale thereof had any such effect. Plaintiff had testified the defendant claimed $50 commission for making the boiler sale. This transaction in no manner concerned the subject-matter of this suit, and should it be conceded (without deciding the question) that defendant's statement that he sold the boiler for Williamson would come within the influence of section 4007 of the Code, yet, under these circumstances, its admission would clearly not work prejudicial error calling for a reversal of the cause. Nor is prejudicial error made to appear in sustaining defendant's objection to offer of plaintiff to prove entire conversation between Benefield and defendant, as it nowhere was intimated that any further conversation than that testified about would have in any manner shed light upon or have been material to any issue involved.

The objection of plaintiff to statement in argument of defendant's counsel has been carefully considered, and the conclusion reached that no reversible error is shown in the action of the court thereon.

We have considered the several questions presented. The issues involved were clearly presented by the trial court to the jury, and we find no ruling calling for a reversal of the cause. The judgment appealed from will be, accordingly, affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.