(96 South. 136)
### PEERSON v. JOHNSON & JOHNSON.
### (8 Div. 547.)

(Supreme Court of Alabama. April 19, 1923.)

**1. Appeal and error ⬤⟶1002—Verdict on conflicting evidence conclusive.**

Where the evidence on a particular issue is conflicting, but there is ample evidence to support the jury's finding thereon, the Supreme Court would not be justified in setting aside such conclusion.

**2. Justices of the peace ⬤⟶188(3)—Circuit court on appeal from justice court may render judgment to extent of justice's jurisdiction plus interest since rendition of justice's judgment.**

Though a judgment rendered by the circuit court on appeal from a judgment rendered by a justice of the peace ought not to exceed the amount for which the justice court had jurisdiction, such restriction does not apply to the addition of interest accruing since the rendition of the justice's judgment.

**3. Appeal and error ⬤⟶238(5)—Error in computing interest not ground for reversal.**

An error in computing the interest due on a judgment rendered in the justice court after appeal and affirmance by the circuit court should be called to the attention of the court by appropriate motion, and cannot be ground for reversal on appeal.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Action on account by Johnson & Johnson against J. M. Peerson. From a judgment for plaintiff, defendant appeals. Transfer-

red from Court of Appeals under Acts 1911, p. 449, § 6. Corrected and affirmed.

A. A. Williams, of Florence, for appellant.

The verdict is excessive, in that jurisdiction of a justice of the peace is $100, and the judgment of the circuit court, on appeal from the justice court, was for $105.76. Code 1907, § 464.

J. Fred Johnson, Jr., of Florence, for appellee.

Counsel discusses the points raised, but without citing authorities.

SOMERVILLE, J. The appeal is from the judgment of the trial court overruling the defendant's motion for a new trial.

The grounds of the motion are: (1) That the verdict was contrary to the evidence; and (2) that the verdict was for $105.76, and therefore erroneous as being in excess of the · jurisdiction of a justice ˚of the peace, plaintiff having recovered judgment for $100 in justice's court, and the cause being on appeal therefrom in the circuit court.

1. The action is brought by an insurance agency on an account for a balance due for premiums paid by the plaintiff agency for defendant on fire insurance policies, issued by insurance companies through the agency.

It is conceded that the property insured belonged primarily to the Farmers' Feed, Fertilizer & Gin Company, a corporation, of which defendant was .the manager and chief owner.

The sole question at issue is whether the account for premiums paid was properly chargeable against the company only, or whether it was properly chargeable against the defendant, either solely or jointly with the company. Defendant's liability vel non was of course a matter of contractual understanding, express or implied.

[1] The evidence on this issue was conflicting, but there was ample affirmative evidence to support the jury's finding that the understanding of the parties was that defendant should be personally responsible for the matters of account charged against him, and that the amount justly due was $100, with interest. On the evidence shown by the bill of exceptions we would not be justified in setting aside the conclusion of the jury, and the judgment of the trial court.

[2] 2. While the judgment rendered in the circuit court, on appeal from a judgment rendered by a justice of the peace, ought not to exceed the amount for which the justice's court had jurisdiction—in this case, $100—that restriction does not apply to the addition of interest accruing since the rendition of the justice's judgment. R. & D. R. Co. v. Hutto, 102 Ala. 575, 14 South. 875; Pruitt v. Stuart, 5 Ala. 112. See, also, Anderson Ex'x v. Winton, 136 Ala. 422, 433, 34 South.

962. Our relation of such interest indicates that the judgment should have been for $105.32 instead of $105.76.

[3] This specific error should have been called to the attention of the trial court by an appropriate motion. It was not comprehended in either of the grounds stated in the motion for a new trial, and cannot avail for a reversal of the judgment.

However, by the consent of the appellees, the amount of the judgment will be corrected, as indicated, and, as corrected, will be affirmed. Appellant will nevertheless be taxed with the costs of the appeal.

Corrected and affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.