(104 So. 576)

## SHELDON v. LYON.   (6 Div. 623.)

(Court of Appeals of Alabama.   May 26, 1925.)

**1. Courts ⬙188(1)—Municipal court of Birmingham has same jurisdiction in civil matters as justices of the peace.**

Municipal court of Birmingham has, in civil matters, same jurisdiction as justices of the peace, where amount in controversy does not exceed $100.

**2. Courts ⬙169(4)—Suit on note held not within jurisdiction of municipal court, where principal and interest amounted to more than $100.**

Suit on check and note held not within jurisdiction of municipal court, where principal of note and interest due thereon was in excess of $100, irrespective of amount claimed as attorney's fees and that claimed on check.

**3. Courts ⬙190(3½)—Circuit court erred in not sustaining defendant's objection to jurisdiction of municipal court.**

Where defendant, by motion and plea on trial in municipal court, seasonably raised question of its want of jurisdiction apparent on face of complaint, and on appeal to circuit court seasonably renewed such objections by motion to dismiss and pleas in abatement, circuit court committed reversible error in sustaining plaintiff's demurrer to plea in abatement.

**4. Appeal and error ⬙185(1)—Questions of jurisdiction are fundamental.**

Questions of jurisdiction are always fundamental.

**5. Courts ⬙169(1)—Jurisdiction of inferior court is to be determined in reviewing court by amount actually claimed when judgment rendered in inferior court.**

Jurisdiction of inferior court is to be determined in reviewing court, not by amount of recovery, but by amount actually claimed when judgment was rendered in inferior court.

**6. Courts ⬙185—When question of jurisdiction may be presented in circuit court or by motion to dismiss stated.**

If amount claimed and amount of recovery in inferior court is in excess of court's jurisdiction, question may be presented in circuit court or by motion to dismiss.

**7. Courts ⬙185—Good pleading requires plaintiff to set up remittitur, where want of jurisdiction does not appear, by replication to pleas to jurisdiction as renewed in circuit court.**

If want of jurisdiction does not appear by amount actually claimed at time judgment was rendered in inferior court, and plaintiff on trial in circuit court relies on a remittitur made before judgment in inferior court, which does not appear on face of record, good pleading would require such fact to be set up by replication to pleas to jurisdiction as renewed in circuit court.

Appeal from Circuit Court, Jefferson County; Brenton K. Fisk, Special Judge.

Action on check and promissory note by Solomon Lyon against Esther Sheldon. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The record shows a judgment rendered by the municipal court in favor of plaintiff for $100 and costs. In the circuit court defendant filed a plea to the jurisdiction of the municipal court, on the ground that the amount claimed in the complaint there filed was in excess of its jurisdiction. To the plea plaintiff demurred upon these, among other grounds:

"For aught that appears there was a remittitur as to any sums claimed in said suit in lower court."

"For that it appears from said record in said cause that the judgment had was within the jurisdiction of said court."

J. S. McLendon and J. S. Kennedy, both of Birmingham, for appellant.

The jurisdiction of the court is to be determined by the amount claimed in the suit. A remittitur to be availing must be expressly made by plaintiff before judgment entered. Crabtree v. Cliatt, 22 Ala. 181; Carter v. Alford, 64 Ala. 239; Webb & Stagg v. McPherson, 142 Ala. 542, 38 So. 1009; 2 Brickell's Dig. 177; Brandon v. Progress Dist. Co., 167 Ala. 367, 52 So. 640.

---

⬙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

McCollough & Slaughter, of Birmingham, for appellee.

It is not required that an express remittitur in writing be filed. Cothran v. Weir, 3 Ala. 24; Rose v. Thompson, 17 Ala. 628. Cases taken by appeal to the circuit court are tried de novo, and triable according to its jurisdiction. Glaze v. Blake, 56 Ala. 379; Burns v. Henry, 67 Ala. 209; W. Ry. v. Lazarus, 88 Ala. 453, 6 So. 877; L. & N. v. Barker, 96 Ala. 435, 11 So. 453.

BRICKEN, P. J. [1, 2] This suit originated in the municipal court of Birmingham, which has, in civil matters, the jurisdiction of justices of the peace, where the amount in controversy does not exceed $100. The complaint filed in the municipal court, May 7, 1923, claimed $18.50, due on an unpaid check; $75 due by note on February 10, 1918, with the interest thereon, and $20 as attorney's fees. The interest on the note for the five years that elapsed between the due date of the note and the filing of the complaint would increase the indebtedness on the note to $105, and this regardless of the amount claimed as attorney's fees, and that claimed on the check presents a case, on the face of the pleadings, in excess of the jurisdiction of the municipal court. Crabtree v. Cliatt, 22 Ala. 181.

[3] On the trial in the municipal court the defendant, by motion and plea, seasonably raised the question of want of jurisdiction apparent on the face of the complaint; and, after judgment in that court for the plaintiff, removed the case, by appeal, to the circuit court, and there seasonably renewed his objections to the jurisdiction of the municipal court by motion to dismiss and by pleas in abatement. The circuit court sustained the plaintiff's demurrers to the plea in abatement, and in this committed reversible error. Burns v. Henry, 67 Ala. 209; Glaze v. Black, 56 Ala. 379; Crabtree v. Cliatt, supra.

[4] Questions of jurisdiction are never technical, but are always fundamental, because jurisdiction and the absence of it marks the line between constitutional judicial administration and mob force. The authorities are uniform in holding that, where the question is properly raised in the justice or inferior court, and renewed on appeal in the circuit court, if shown, is fatal to plaintiff's case; if not raised before the inferior court, it is waived, and the circuit court may proceed according to its own jurisdictions. Louisville & Nashville R. R. Co. v. Barker, 96 Ala. 435, 11 So. 453; Western Railroad Co. v. Lazarus, 88 Ala. 453, 6 So. 877; Richmond & Danville R. R. v. Hutto, 102 Ala. 575, 14 So. 875.

[5, 6] The jurisdiction of the inferior court is to be determined in the appellate court, not by the amount of recovery, but by the amount actually claimed at the time judgment was rendered in the inferior court. Crabtree v. Cliatt, supra. And, if the amount claimed and the amount of the recovery in the inferior court is in excess of the court's jurisdiction, the question may be presented in the circuit court or by motion to dismiss. Burns v. Henry, supra.

[7] If want of jurisdiction does not so appear, and the plaintiff, on the trial in the circuit court, relies upon a remittitur made before judgment in the inferior court, and this does not appear on the face of the record, good pleading would require this fact to be set up by replication to the pleas to the jurisdiction as renewed in the circuit court.

For the error pointed out let the judgment of the circuit court be reversed. The cause is remanded.

Reversed and remanded.