(107 So. 862)

## MAY v. DRAPER. (8 Div. 860.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Trover and conversion ⬳16—Plaintiff must show legal title to property at time of conversion.**

For plaintiff, suing for wrongful taking and conversion of cotton, to recover, he must show legal title to cotton at time of its conversion.

**2. Trover and conversion ⬳16—Plaintiff held not entitled to recover under counts for wrongful taking and for conversion, where undisputed evidence showed legal title in another.**

Plaintiff *held* not entitled to recover under counts for wrongful taking and for conversion of property, where undisputed evidence showed that legal title to cotton was in another at time of taking.

**3. Trial ⬳261.**

Defendant's requested affirmative charges requiring jury to "find for the defendant in count one," and "must find for defendant on count two," *held* defective.

**4. Landlord and tenant ⬳251(4)—In action for destruction of plaintiff's lien on cotton, evidence of mortgage executed by plaintiff and his tenant to another to secure advances to tenant held competent.**

In action for wrongful taking and conversion of cotton and destruction of plaintiff's lien, evidence of mortgage of plaintiff and his tenant to another to secure advances to tenant *held* properly admitted; it being competent evidence tending to show that plaintiff became bound for advances by mortgagee to tenant.

**5. Justices of the peace ⬳188(3)—Increase in amount of judgment by county court on appeal from inferior court, not exceeding interest on amount originally sued for, held not to require new trial.**

Where plaintiff in suit in inferior court obtained judgment for $100, fact that on appeal county court rendered judgment for $104.22 *held* not to warrant new trial, where item of interest on the $100 was more than excess over amount originally sued for.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action by Paris Draper against Gus May. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Almon & Almon, of Albany, for appellant. Brief of counsel did not reach the Reporter.

Sample & Kilpatrick, of Hartselle, for appellee.

Charges 1 and 2 were defective and were properly refused. Hodges v. Kyle, 63 So. 761, 9 Ala. App. 449; Goldstein v. Leake, 36 So. 458, 138 Ala. 573; Key v. Goodall Brown & Co., 60 So. 986, 7 Ala. App. 227. The motion for new trial was properly overruled. Richmond & D. R. Co. v. Hutto, 14 So. 875, 102 Ala. 575; Peerson v. Johnson, 96 So. 136, 209 Ala. 259.

THOMAS, J. [1-3] The suit in the inferior court of Hartselle, Ala., was for the sum of $100. One count of the complaint was for the wrongful taking of the cotton, another for the conversion, and another for the destruction of plaintiff's lien on the cot-

ton. Recovery on counts 1 and 2 must be supported by the legal title to the cotton at the time of its conversion. The undisputed evidence shows that the legal title to the cotton was in P. G. Kimbrough & Co. at the time of the taking. Plaintiff was not entitled to recover on either counts 1 or 2 of the complaint. When properly invoked thereto, the court will give the affirmative charge as to said counts. However, the charges requested and refused (1 and 2) required the jury to "find for the defendant in count 1" and "must find for the defendant on count 2 of the complaint." These charges were defective as pointed out in Goldstein v. Leake, 36 So. 458, 138 Ala. 573; Brotherhood, etc., v. Milner, 69 So. 10, 193 Ala. 68; Boshell v. Cunningham, 76 So. 937, 200 Ala. 579; Polytinsky v. Johnston, 99 So. 839, 211 Ala. 99.

[4] The court committed no error in allowing introduction in evidence of the mortgage of Buck Romaines, the tenant, and Paris Draper, his landlord, to P. G. Kimbrough & Co., to secure advances to the tenant. Though the evidence showed that at the time of the taking of the cotton, and at the time of the bringing of the suit, this mortgage had not been transferred from Kimbrough & Co. to plaintiff, Paris Draper, it was nevertheless competent evidence tending to show that the landlord became bound for advances by Kimbrough to Romaines at the time and for the amount indicated—this in connection with the other evidence that Draper paid on said advances the sum of $176.

[5] The court did not err in refusing defendant's motion for a new trial. The undisputed facts show that suit was commenced in the inferior court of Hartselle, a court with a limited jurisdiction to the amount of $100, and judgment was against defendant; that it was appealed to the Morgan county court, where the judgment rendered was for $104.22. The item of interest for the two or more years on the $100 was more than the excess over the amount originally sued for; and there was no error in not granting said motion for a new trial. Peerson v. Johnson & Johnson, 96 So. 136, 209 Ala. 259; R. & D. R. Co. v. Hutto, 14 So. 875, 102 Ala. 575; Pruitt v. Stuart, 5 Ala. 112.

The judgment of the county court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.