38 So.2d 19

### JOHNS v. THOMAS H. VAUGHN & CO.

#### 6 Div. 610.

Court of Appeals of Alabama.
Aug. 3, 1948.

Rehearing Denied Oct. 5, 1948.

J. H. Dinning, of Birmingham, for appellant.

Frank M. James, of Birmingham, for appellee.

**BRICKEN, Presiding Judge.**

The evidence in this case as finally appears in the record is without material dispute or conflict. The facts disclosed thereby are, that the plaintiff was a real estate broker under the firm name of Thomas H. Vaughn & Company, and the defendant to this action (appellant) was the owner of a dwelling house in Birmingham, Alabama, and she employed plaintiff to procure her a purchaser for her house for the price of $5250.00, and agreed to pay plaintiff for such service five per cent of the above stated price or $262.50. Plaintiff, pursuant to the terms of said agreement, advertised the house and lot in question, and procured an offer to buy it for the price stated. The said offer was in the form of a written contract of sale and was signed by a Mrs. Willie B. Shockley. This contract was carried to Mrs. Johns, appellant,

by a Mr. Newton Chamblee, an agent for Thomas H. Vaughn and Company, and it was read over by Mrs. Johns and she testified she saw the conditional clause in the contract and knew it was there, and that no concealment or fraud was practiced on her. After reading the contract she signed it in the presence of Mr. Chamblee. A short while later another agent brought her another contract for $5500.00 She carried the first contract to her attorney, and her attorney wrote a letter cancelling the first contract and she then executed the second contract for $5500.00, and refused to consummate the original contract with Mrs. Shockley and refused to pay plaintiff his commissions.

Mrs. Shockley consummated the deal, which was the basis of the conditional clause in her contract with Mrs. Johns, during the early part of January and prior to the expiration of the 30 day period which the contract gave the parties in which to close.

The contract which forms the basis of this suit is the oral contract between Thomas H. Vaughn and Mrs. Laura Johns. The written contract between Mrs. Shockley and Mrs. Johns is in evidence as proof that Mr. Vaughn fulfilled his contract with Mrs. Johns to procure her a purchaser for her property.

At the conclusion of the evidence plaintiff, in writing, requested the affirmative charge which the court gave to the jury, and the verdict of the jury was in accord with the instructions of the court.

Appellant has assigned errors, four in number, all however of the same import, wherein it is insisted the court erred in directing a verdict for the plaintiff, as above indicated.

■ There is no controversy as to the settled law that a broker earns, and is entitled to his commission when he procures a purchaser who is ready, willing and able to purchase the property on the terms specified by the principal.

The principal insistence of error by appellant is that the contract above referred to between Mrs. Shockley and appellant, was invalid for lack of mutuality, hence is what is termed, a unilateral contract.

■ To this insistence we are not in accord, for the law is, to make a contract unilateral, there must be no mutuality of obligation, and only one party thereto must be bound thereby. In other words, a "unilateral contract" is one in which no promisor receives promise as consideration for his promise; while "bilateral contract" is one containing mutual promises between parties.

■ In the case at bar, as clearly appears, the prospective purchaser, Mrs. Shockley, promised and agreed to buy the property in question at and for the demanded and agreed upon price; with the condition that she be allowed the period of thirty days to do so, and in furtherance of her good faith, tendered the sum of $200.00, or its equivalent, as earnest money, which was agreed to and accepted by appellant, the proposed seller of the property. The appellant in turn, by said contract, promised and agreed in writing to sell her the property, as stated, and agreed and consented to allow Mrs. Shockley the 30 days to do so. The unauthorized breach of the said contract by appellant, could in no manner defeat the claim of the appellee who, as shown by the undisputed evidence had complied fully with the original oral agreement, and in so holding and deciding, the trial court committed no error. Further discussion is unnecessary.

Affirmed.