46 So.2d 813

### NUNIS v. WOOD.
### 6 Div. 746.

Supreme Court of Alabama.
March 2, 1950.

Rehearing Denied June 30, 1950.

Dan P. Barber, of Birmingham, for appellant.

W. A. Jacobs, of Birmingham, for appellee.

LIVINGSTON, Justice.

The one count in the complaint claimed $2,250, with interest, due from defendant on account of a check drawn by defendant on the First National Bank of Birmingham, Alabama, Woodlawn Branch, and payable to the plaintiff, which check was duly presented and payment thereof refused. The defendant interposed a plea of the general issue in short by consent, etc., relying mainly on a failure of consideration.

The trial was had before the court without the aid of a jury and resulted in a judgment for the plaintiff for the amount sued for, and defendant appealed.

The following facts are undisputed. A. W. Nunis, the defendant in the court below and appellant here, owned a wholesale oil business located in Birmingham, Alabama. L. B. Wood, plaintiff in the court below and appellee here, was a real estate and business broker in Birmingham, and J. S. Johnson was employed by Wood as agent. Nunis, through Johnson as agent, listed his oil business with Wood for sale. Nunis agreed to pay Wood, the broker, a commission of five percent on the listed price of $37,500 and ten percent of all above said amount. Thereafter, on or about September 11, 1947, Wood and his salesman Johnson went to Nunis with a sales contract signed by Mrs. Mary Lewis upon the following terms: purchase price $45,000, $2,500 earnest money deposited by check with Johnson, $15,000 to be paid in cash and $30,000 by deferred payments. The contract was on a form printed for and provided by Wood and contained the following: "The undersigned seller agrees to pay L. B. Wood, as his agent, as compensation for negotiating this sale, a commission of five percent of the selling price."

On September 12, 1947, Nunis, Wood and Johnson met at the office of Nunis' lawyer and a conditional sales agreement was prepared in lieu of the sales contract which Johnson and Mrs. Lewis had submitted to Nunis. The conditional sales contract contained some changes from the sales contract submitted by Mrs. Lewis and Johnson, but the purchase price and down payments remained the same. Nunis then signed the conditional sales contract and the buyer's agent agreed to its terms. Wood raised the objection that the conditional sales contract did not provide for his commission, as did the contract submitted by Mrs. Lewis and Johnson. Nunis then signed the following letter to Wood:

"Birmingham, Alabama
"September 12th, 1947.
"L. B. Wood Brokerage & Real Estate Co.,
"514 North 18th Street,
"Birmingham, Alabama.
"Gentlemen:

"This confirms my agreement to pay you a commission of 5% on the sale to Mrs. Mary Lewis.

"This will amount to $2250.00.

"Very truly yours,
"A. W. Nunis".

Later in the day, or the following day, after Nunis had signed the conditional sales agreement Mrs. Lewis signed it. The earnest money check had not been cashed and Wood returned it to Mrs. Lewis. Mrs. Lewis then gave Nunis a check for $10,000 and a letter promising to pay the other $5,000 of the down payment within five days. Thereupon Nunis gave Wood a check dated September 15, 1947, for his commission. This was the check sued on. After these checks were passed, it was agreed that Johnson, Nunis and Mrs. Lewis would meet at the place of business, the subject matter of the sale, on Monday, September 15th, and that Mrs. Lewis would take possession. When Johnson arrived at the place of business on Monday morning, Nunis had placed Mrs. Lewis in possession. Nunis then took the lease sale contract to his attorney who immediately filed it for record in the office of the judge of probate. Nunis deposited the $10,000 check of Mrs. Lewis in his bank on September 15, 1947, and on September 18th payment was refused on account of insufficient funds. Nunis immediately went to the office of the business in question and demanded of Mrs. Lewis' agents that they surrender possession of the business, which they did without objection. Wood deposited the $2,250 check of Nunis in his (Wood's) bank on Monday, September 15,

1947, and it was returned to him on the 20th of September marked "payment stopped".

The appellee was employed by appellant "to act as agent and broker of the party of the first part (appellant) in an effort to sell for the party of the first part the property hereinbelow described." The written contract of employment also provided "that the party of the second part (appellee) has earned his commission when he has produced a purchaser who is ready, willing and able to buy for the price above stated, or for such price and upon such terms as may be agreed upon and accepted by the party of the first part."

As between an owner and a broker, an agreement of the latter to sell the former's property usually means to negotiate for a sale by finding a purchaser ready, willing and able to consummate the transaction. The acceptance by the seller of the purchaser dispenses with the necessity of showing that the purchaser was ready, willing and able to buy since acceptance is taken as a conclusive admission of that fact. Handley v. Shaffer, 177 Ala. 636, 59 So. 286; De Briere v. Yeend Brothers Realty Co., 204 Ala. 647, 86 So. 528.

The appellant seems to have no quarrel with the foregoing principle, but argues that the doctrine does not apply here where the agreement between the seller and the proposed purchaser was executory in its nature and never became binding because of the default of the prospective purchaser in the fulfillment of a condition precedent to the binding efficacy of the agreement. But the argument fails because a careful consideration of the entire evidence convinces us that the parties did not intend that the ultimate payment of the $10,000 check of Mrs. Lewis was a condition precedent to the binding efficacy of the agreement. This question is one of fact, and we find ourselves in accord with the finding of the trial court.

Affirmed.

BROWN, FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.