83 So.2d 353

**J. T. "Tom" KNIGHT et ux.**

**v.**

**TAYLOR REAL ESTATE AND INSURANCE CO.**

**6 Div. 146.**

Court of Appeals of Alabama.

Aug. 30, 1955.

Rehearing Denied Oct. 11, 1955.

Harvey M. Emerson, Homewood, for appellants.

J. Terry Huffstutler, Birmingham, for appellee.

**HARWOOD, Presiding Judge.**

This is a suit to recover damages of $900 allegedly due as a real estate broker's commission.

A jury trial resulted in a verdict for the plaintiff for $900, "plus interest from August 10, 1951." Judgment was entered accordingly, the interest awarded in the judgment being $143.40.

The evidence presented by the plaintiffs tended to show that the defendant had listed his house for sale with the plaintiffs.

The plaintiffs did produce a prospective purchaser, Mr. Henry Vance, and on 6 July 1951 the defendants executed a written contract of sale, agreeing to sell the house for $18,900, of which $900 was to be paid as a commission to the plaintiffs.

By the terms of the contract the defendants agreed to furnish an abstract of title showing a good title, or a title insurance policy against defect in the title.

The defendants further agreed to convey the property by warranty deed, free of all encumbrances, etc.

The contract further provided that the sale should be closed and deed delivered "on or before 30 days from the date of the contract."

The evidence presented by the plaintiffs was ample in tending to show that Mr. Vance was, during the life of the contract entered into between him and the defendants, able, willing, and ready to complete the sales contract. In fact the evidence tends to show that, in view of his having sold his home in expectation of moving into the house covered by the sale contract, Mr. Vance was enthusiastically anxious and well able to complete the sale.

■ The plaintiffs in this aspect had therefore completed their broker's contract, and were entitled to the commission promised by the defendants. Eastburn v. Joseph Espalla, Jr., & Co., 215 Ala. 650, 112 So. 232, 53 A.L.R. 134; Johns v. Thomas H. Vaughn & Co., 34 Ala.App. 99, 38 So.2d 19; Wellden v. Roberts, 37 Ala.App. 1, 67 So.2d 69.

■ Further, the acceptance by the defendants of Vance as a purchaser, as evidenced by the sale contract, dispensed with the necessity of the plaintiffs showing that Vance was able, ready, and willing to purchase. Bailey v. Padgett, 195 Ala. 203, 70 So. 637; Handley v. Shaffer, 177 Ala. 636, 59 So. 286; Nunis v. Wood, 254 Ala. 69, 46 So.2d 813.

The plaintiffs' evidence further tended to show that the defendants had not, during the term of the sales contract, furnished to the purchaser an abstract of title, or title insurance, nor tendered a deed of any sort.

In this connection we note that the defendant J. T. Knight admitted to such omissions during his cross-examination, and further testified that there was a mortgage against the property during the entire term of the sales contract.

■ In his brief counsel for appellants has grouped for argument assignments of

error 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 29, 31, 33, 34, 35, 36, 37, 38, 41 and 43. Actually, there are no specifications of errors in the brief as to these assignments. Many are in no way related. An adequate specification of errors relied on is necessary in a brief in a civil case if our review is to be invoked. Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568

■■ This aside, we note that assignments 1 and 2 relate to the rulings of the court on admission of evidence over objection of the defendants. In one instance the objection was interposed after the question had been answered, and in neither case was an exception reserved. These assignments are therefore clearly without merit. This in itself would preclude consideration of the remaining assignments argued in bulk. Gulf M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371.

Assignments 26 and 37, jointly argued, are subject to the same criticism as the attempted assignments above mentioned. However it appears that assignment 26 relates to the reception into evidence of a judgment obtained against Tom Knight, one of the defendants. The record discloses that no objection was interposed to the admission of this document. Assignment 26 is therefore without merit.

Assignment 40 alleges error in the reception of the verdict because of its indefiniteness.

The verdict is in all respects regular, definite, and certain. There is no merit in this assignment.

Assignment 44 pertains to the action of the court in sustaining plaintiffs' objections to the admission in evidence of a bill of complaint and decree in an action for specific performance in which Mr. and Mrs. Knight were respondents, and Mr. and Mrs. Vance were complainants.

The decree shows that the complaint was dismissed with prejudice, on motion of the complainants.

■ The parties, and issues being different in the specific performance suit from the present suit, and the decree showing that the specific performance suit was not disposed of on its merits, evidence pertaining to the specific performance suit was of course obviously immaterial to the present suit, and properly excluded. See Davis v. Morgan, 206 Ala. 576, 91 So. 318.

Assignments 46, 47, 48, and 49, relate to certain charges. Assignment 46 pertains to the court's refusal of defendants' request for the affirmative charge. Under the evidence this charge was properly refused. Assignments 46, 47, 48 and 49 being argued in bulk we pretermit consideration of assignments 47, 48, and 49.

In connection with assignment 28, only the following appears in appellants' brief in the argument.

"The court committed prejudicial error in refusing to allow witness Thornton to state the date or time the deal would likely be closed in view of the testimony given by appellees that they were waiting on appellants as pointed out in assignment No. 28."

Such casual reference presents nothing for our review. Sup.Ct. Rule 9 (old Rule 10).

Assignment 45 relates to the admission into evidence over defendants' objection of a copy of a letter written by plaintiffs' attorney to the defendants. The sole ground of objection was that the exhibit was a copy and not the original.

■ However the defendant Knight had, prior to the admission, testified that the document was a copy of the letter he had received and read. Even though the predicate for the introduction of the letter may have been lacking in desired technicalities, yet the defendant's admission in connection with his receipt of the letter, and that the copy introduced was a copy of the letter he received, rendered harmless any error pertaining to its admission. Sup.Ct. Rule 45.

Affirmed.

## On Rehearing

In his brief in support of appellants' application for rehearing counsel, for the first time, asserts that the judgment rendered by the Circuit Court is void, for the reason that the suit in the Circuit Court was an appeal from the Intermediate Civil Court of Birmingham, and the jurisdiction of that court is limited in all civil cases to amounts in controversy of not less than $100 and not more than $1,000. See Gen. and Local Acts, 1949, p. 891.

It is the contention of counsel that the judgment recovered in the Circuit Court exceeds that jurisdiction, and being an appeal from the Intermediate Civil Court, is void.

In the cases upon which counsel relies the point as to jurisdiction of the original court was preserved throughout the proceedings in the lower court.

In the present case the alleged excess of jurisdiction was not challenged in any manner at any point in the entire proceedings below.

 Under the amended complaint in the Circuit Court interest should have been claimed only from the date of rendition of the judgment in the Intermediate Civil Court, that is 7 September 1951, and not from 6 July 1951. Richmond & D. R. Co. v. Hutto, 102 Ala. 575, 14 So. 875; Peerson v. Johnson & Johnson, 209 Ala. 259, 96 So. 136; May v. Draper, 214 Ala. 324, 107 So. 862.

However, no motion to strike the amended complaint on the ground of departure was made in the Circuit Court, nor was an objection raised at any time after the evidence was in. The demurrer filed to the complaint in the Circuit Court did not raise the point. Louisville & Nashville R. R. Co. v. Barker, 96 Ala. 435, 11 So. 453.

Under such circumstances the Circuit Court could proceed according to its own jurisdiction. Sheldon v. Lyon, 20 Ala. App. 623, 104 So. 576; Richmond & D. R. Co. v. Hutto, supra.

Further, Section 570, Title 7, Code of Alabama 1940, specifically provides:

"No judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action."

The complaint in this cause did contain a substantial cause of action, and no objection to the validity of the judgment, on the grounds now asserted, were raised at any time in the course of the proceedings below. The correctness of the judgment cannot now be inquired into by this Court. Richmond & D. R. Co. v. Hutto, supra.

Application overruled.