PER CURIAM.
This appeal is from judgment in behalf of appellees Davis-Day Timber Company, Inc., a corporation and H. M. Day and against appellant G. M. Shook. The trial was ore tenus without a jury and the trial court made findings of fact which are incorporated in the judgment.
We affirm.
Issues Presented for Review
(1) Did provisions of a contract providing for payment of real estate sales commissions to one Shook make these contingent and conditioned upon full performance of a real estate sales contract by the purchaser, Bush, under his contract with the seller, Davis-Day Timber Company, Inc.
(2) Did the Alabama Real Estate License Act of 1951 render provisions for the payment of real estate sales commissions, to an agent not licensed under it, void? Code of Ala., Tit. 46, § 311(2).
The Facts
Substantially all the essential facts from .the evidence are to be found in the findings made by the trial court contained in the judgment. They are:
“1. That on, to-wit: December 9, 1969, Davis-Day Timber Company as Seller and Floyd D. Bush as Purchaser entered into a ‘Real Estate Sales Contract’ providing for the sale of 2639.5 acres of land in four Alabama counties for a total appraised price of $211,160. Bush subsequently made the down payment in cash but defaulted in payment of the amount secured by purchase money mortgage and said mortgages were foreclosed under the powers of sale. Davis-Day Timber Company became the purchaser at the foreclosure sales.
“2. On, to-wit: May 25, 1970, Davis-Day Timber Company entered into a written contract with the intervenor, G. M. Shook, providing for payment of certain real estate commissions to Shook for his services in assisting in negotiating the Davis-Day-Bush contract dated December 9, 1969. Shook’s rights to recover real estate commissions were by the terms of the contract made contingent and conditional upon performance by Floyd D. Bush of the terms of the Davis-Day-Bush contract dated December 9, 1969.
“3. At the time Shook performed services in connection with the Davis-Day-Bush contract providing for the sale of said real estate, he was not properly licensed as a real estate broker or real *669 estate salesman as required by the Alabama Real Estae [Estate] License Act of 1951. The Court concludes that the Davis-Day-Shook contract contravenes public policy of the State of Alabama and is void, illegal and unenforceable.
“4. The Court further finds that by the very terms of the Davis-Day-Shook contract dated May 25, 1970, it is rendered null and void by reason of the non-performance of Floyd D. Bush in that he failed to discharge the duties and obligations imposed upon him by the terms and conditions of the Davis-Day-Bush contract dated December 9, 1969.”
Under the real estate sales contract between Davis-Day and Bush of 9 December 1969, to which reference is made in the Davis-Day and Shook commission agreement of 25 May 1970, Bush made the down payment on the lands and executed two purchase money mortgages securing the unpaid balance. Bush defaulted and the mortgages were foreclosed. Davis-Day, mortgagee, purchased at the foreclosure sales. Bush assigned, for an actual valuable consideration, his rights of redemption to another who exercised them, thus acquiring title to the lands.
Opinion
It is not necessary to write to issue No. 2. This opinion will deal exclusively with issue No. 1. The contract between Davis-Day and Shook governing payment of commissions to Shook in pertinent part provided:
“NOW, THEREFORE, for and in consideration of the premises and of the said services rendered by the second party the first party does hereby promise and agree to pay to the second party a commission consisting of any amount over $60.00 per acre of all lands actually sold and conveyed by the first party to the said Floyd D. Bush under the terms and conditions of said contract dated December 9, 1969, said commission being payable as follows:
“1. Ten per cent (10%) of such commission shall be due and payable at the time of the closing of the said contract executed on, to-wit: December 9, 1969, by and between the first party and the said Floyd D. Bush, with the balance of such commission due and payable in ten (10) equal annual installments, or as the said Floyd D. Bush shall pay for said lands under the terms and conditions of said contract, whichever event shall sooner occur.
* * * * * *
“4. It is further agreed by the parties to this instrument that in the event the said Floyd D. Bush shall fail or refuse to complete the terms of the contract referred to herein this agreement shall be null and void.”
Shook contends that redemption by another with payment in full to the seller (Davis-Day) constitutes full performance by Bush of the Davis-Day contract, thereby entitling Shook to the balance of his commissions. Shook was paid a commission arising from partial performance by Bush in making down payment. Shook says, when there is assignment of rights of redemption and full payment to the seller by the assignee that fully satisfies the requirement of performance by Bush. This for the reason, he says, that the assignee did all Bush was contractually obligated to do.
Davis-Day and Day counter with an argument reasoned from the provisions of the commission contract supra. It proceeds from the premise that it is not akin to the ordinary sales commission proviso in the standard real estate sales contract. They state the purpose of its uniqueness as being for protection of Davis-Day per its terms. Performance by Bush per contract with Davis-Day was a condition precedent to their liability to Shook for commissions, *670 they contend. With this contention we agree.
Shook places emphasis on the proposition in brief:
“Where a real estate broker procures a purchaser who is ready, willing and able to purchase land and this purchaser is accepted by the seller and a contract of sale entered into, the broker is due his commission, even where the contract fails.”
One of the cases he cites as illustrative of this is Nunis v. Wood, 254 Ala. 69, 46 So.2d 813 (1950). The commission proviso in Nunis was a stock one, unlike that under consideration here. It read:
“ * * * ‘The undersigned seller agrees to pay L. B. Wood, as his agent, as compensation for negotiating this sale, a commission of five percent of the selling price.’ ”
When later a conditional sales contract was substituted for the original sales contract (calling for cash payments and deferred payments) and no mention was made in the conditional sales contract of a commission, objection was made by the agent. Thereupon Nunis, by letter, confirmed his agreement to pay a commission of five percent on the sale.
Nunis argued the inapplicability of the proposition advanced by Shook, which we here address, where a seller has made only a conditional agreement of sale and the prospective purchaser defaults as to a condition precedent of such agreement. The Nunis court in rejecting that argument has this to say:
“ * * * But the argument fails because a careful consideration of the entire evidence convinces us that the parties did not intent that the ultimate payment oi the $10,000 check to Mrs. Lewis was a condition precedent to the binding efficacy of the agreement. This question is one of fact, and we find ourselves in accord with the finding of the trial court.”
We comprehend an apt analogy in the argument of Nunis to that of Davis-Day and Day, although the facts differ here. The Davis-Day contract with Bush though not executory, as to passing title to lands, was, as to deferred payment of consideration. Certainly the commission contract between Davis-Day and Shook was completely ex-ecutory as to future payment of commissions. Just as certain it contained a condition precedent; default by Bush under his contract with Davis-Day. This could not be more clear when paragraph 4 of the commission contract specified that a default by Bush would render the commission contract null and void.
The trial court found as fact: (1) Bush defaulted. (2) Shook’s rights to recover commissions were contingent and conditional upon performance by Bush of the terms of the Davis-Day contract. (3) The very terms of the Davis-Day-Shook contract rendered it null and void by the nonperformance of Bush under his contract with Davis-Day.
The record fails to demonstrate the findings of fact by the trial court to be clearly erroneous, therefore the same will not be disturbed. Rule 52(a), ARCP; Eubanks v. Richards, 294 Ala. 30, 310 So. 883. Inasmuch as these findings are the basis for the judgment and there is substantial evidence to support that judgment, it will not be reversed.
Able counsel have filed exhaustive and excellent briefs urging their respective positions. Not writing to each point and counterpoint made in briefs—and orally argued with skill and eloquence—does not mean we are unmindful of them. However, since this opinion, as it deals with the first issue for review, disposes of this appeal, no good purpose would be served by a discussion of other assertions of the parties *671 relating to that issue or to the second issue.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER, JONES and EMBRY, JJ., concur.