[Alabama Iron Company v. Smith.]

# Alabama Iron Company *v.* Smith.

(Decided April 16, 1908.  46 South. 471.)

1. *Trial; Instruction; Affirmative Charge as to Several Counts.*—
Where affirmative instructions are requested, in form directing a
jury to return a verdict for the defendant as to certain counts, if they
believe the evidence, the court will not be put in error for refusing
them.

2. *Evidence; Competency; Written Orders.*—Where the evidence
tended to show that defendant's superintendent had agreed to turn
over to plaintiff the wages of the employees of defendant, if plain-
tiff would feed them and procure written orders from the employees,
the written orders so produced were admissible in evidence.

3. *Same; Entries in Books of Account.*—Where the person who
made the entry testified to the correctness of the items sold by him,
and that the other items were charged by him as he was instructed
by plaintiff who sold the other goods, and plaintiff testified that he
instructed the other at the time of the sale to charge the goods as
he sold them, the entries were admissible in evidence.

4. *Same; Best and Secondary Evidence; Predicate.*—In order to
lay a predicate for the admission of secondary evidence there must be
shown not only a demand but a refusal or failure to produce the
original, and upon a mere showing of notice by plaintiff of a mo-
tion to produce the original book it was error to permit secondary
evidence of the contents of defendant's books of account .

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Action in assumpsit by W. A. Smith against the Ala-
bama Iron Company.  Judgment for plaintiff, and de-
fendant appeals.  Reversed and remanded.

The first count in the complaint claims a sum cer-
tain on account of one Tom Sullivan, who was then in
the employ of defendant, for wages, and who executed
and delivered to plaintiff an order assigning to plain-
tiff all wages then due or to become due from defend-
ant to said Sullivan from and after the 22d day of
February, 1905, and until said Sullivan should bring
defendant a receipt from plainttiff showing that said
Sullivan's account then due or that would thereafter
become due to plaintiff was paid.  Plaintiff avers that

he gave defendant notice of said order on, to wit February 27, 1905, and that on the ——— day of ———, 1905, defendant accepted said order. It is then averred that the sum which Sullivan owed plaintiff on account on February 27, 1905, together with the sum which became due on account from said Sullivan to plaintiff from and after the said 27th day of February, 1905, amounts to the sum of $8.55, which is still due and unpaid. It is then averred that after said date defendant became indebted to Sullivan for wages to the amount of $8.55, or other great sum. The second count is similar to the first. The third count is similar to the first, except it counts on the indebtedness and order from one Woodward, as does the fourth. The fifth and sixth counts are similar to the first and second, except the account and order is claimed to be due from one Milton and varies in amount from the others. The seventh count is the common count for goods, wares, and merchandise furnished defendant by plaintiff. Count 8 is as follows: "Plaintiff claims of defendant the sum of $108.62, for this: That on a certain date, to wit the 27th day of February, 1905, each one of the following employes, to wit, Tom Sullivan, Walt Woodward, Arnold Milton, and Frank Coleman, who were then in the employ of defendant for wages, executed and delivered to plaintiff an order assigning to plaintiff all wages then due or to become due from defendant to said employes from and after the 27th day of February, 1905, and until said employes would bring defendant a receipt from plaintiff showing that said employes account then due or that would thereafter become due to plaintiff were paid. Plaintiff avers that he gave defendant notice of each of said orders on, to wit, the 27th day of February, 1905, and that on said day defendant agreed to pay plaintiff whatever sum of money was then due or

[Alabama Iron Company v. Smith.]

might become due thereafter by defendant to each of said employes; and plaintiff avers that the sum which said employes owed plaintiff on account on said February 27, 1905, together with the sum which became due on account from said employes to plaintiff from and after said date, amounts to the sum of $108.62, which is still due and unpaid. Plaintiff avers that defendant, after said date, became indebted to said employe for wages in the said sum of $108.62 or other great sums." Count 9: "Plaintiff claims of defendant the sum of $108.62, for this: That on a certain date, to wit February 27, 1905, each one of the following employes [naming those named in count 8], who was then in the employ of defendant for wages, consented and agreed with plaintiff that plaintiff should have and receive all wages then due or to become due from defendant to said employes from and after said date, and until each of said employes should bring defendant a receipt from plaintiff showing that said employe's account then due, or that might thereafter become due to plaintiff was paid. Plaintiff avers that on said date he gave defendant due notice of said consent and agreement of each of said employes with plaintiff, and that on said date defendant agreed to pay plaintiff whatever sum was then due or might thereafter become due to each of said employes by defendant." Then follows the concluding averment as it appears in count 8.

The evidence for plaintiff tended to show that plaintiff had a conversation with one Wade Allen, who had general charge of the affairs of defendant's company and was its superintendent in February, 1905, in reference to orders for certain hands who were working for defendant, in which conversation plaintiff told Allen that he wished Allen to turn over to him the wages of the hands, and Allen replied that he would do so if plaintiff

19 C

would feed them. Plaintiff told Allen he would feed them, provided they worked. Allen said that he would not turn over the wages of any employe unless plaintiff had a written order, and told plaintiff to get the orders and give them to Mr. Bomer, the timekeeper and check clerk. Plaintiff had another conversation about it after the orders had been given, and in that conversation told Allen that he heard that Bomar had been paying the checks of the hands who had given orders for 80 cents on the dollar, and Allen said he would stop it. The parties mentioned in the complaint as having given orders were the hands referred to. It was shown that they all owed accounts for merchandise, and the orders given to plaintiff were introduced in evidence. The other facts appear sufficiently in the opinion.

The form of the charges requested by the defendant as to the various counts is as follows: "The court charges the jury that if you believe the evidence your verdict should be for the defendant under the first count of the complaint" A charge in this form was requested as to each count, and the affirmative charge was requested as to the entire complaint.

KNOX, ACKER & BLACKMON, for appellant. An order for the payment of money does not operate as an assignment until it is accepted by the party upon whom drawn. —*Hanche v. Hurley,* 129 Ala. 306; *Andrews v. Frierson,* 134 Ala. 626. A witness may refresh his memory by reference to a memorandum.—*Bowling v. Fanning,* 97 Ala. 619. Original entries of the items of the account made in part by one person and in part by another, are not admissible as evidence of the correctness of the account unless both parties testify to the correctness of the items.—*Rarden v. Cunningham,* 136 Ala. 263; *Kling v. Tuntstall,* 109 Ala. 609; *Hart v. Kendall,* 82 Ala. 146.

[Alabama Iron Company v. Smith.]

H. H. WHITE, and H. M. REID, for appellee. The court did not err in the rulings on the pleading.—*Alt- man & Co. v. Fletcher,* 110 Ala. 452. The orders in this case are not such that require an acceptance in writing. Notice of the assignment to appellant was sufficient.— *Auerbach v. Prickett,* 58 Ala. 451; *Wellborn v. Buck,* 114 Ala. 277; *Harrison v. L. & N. R. R. Co.,* 120 Ala. 42. The orders are sufficient.—4 Cyc. pp. 35-7-8. On the above authorities the court did not err in its ruling on the evidence.

ANDERSON, J.—Clearly the proof did not support those counts grounded upon an acceptance by the defendant of the orders; but there was proof in support of counts 8 and 9, and which was sufficient to prevent the general charge as to the entire complaint. Nor will the trial court be put in error for refusing the affirmative charge as to certain counts in the form in which they were asked in the case at bar.—*Goldstein v. Leake,* 138 Ala. 573, 36 South.458.

The trial court did not err in permitting the introduction of the orders. The plaintiff testified that Allen agreed to turn over to him the wages of the hands if he would feed them, and provided, further, that he got written orders from the hands. It was, therefore, proper for the plaintiff to show said written orders.

The trial court did not err in permitting the accounts due plaintiff in evidence. It is true Jones, who made the entry, could testify only to the correctness of the items sold by him; but he testified that the others were charged as he was instructed by the plaintiff, who sold the other goods. The plaintiff testified that he instructed Jones at the time of the sale to charge the goods as he sold them. Taking the evidence of both witnesses in connection, there was proof of the correctness of the accounts as introduced.

[Birmingham & Atlantic R. R. Co. v. Maddox & Adams.]

We think the trial court erred in permitting the witness Jones to testify as to the contents of the defendant's books. It is true the plaintiff gave notice of a motion to produce, and for aught we know the books were in court, or would have been upon demand. In order to lay a predicate for secondary evidence, there must not only be a demand, but a refusal or failure to produce. This evidence was objected to, because no predicate was shown, and the trial court erred in admitting same until the proper predicate was established for the introduction of secondary evidence.

The judgment of the circuit court is reversed, and the cause is remanded.

· Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.