(124 So. 294)

## SOUTH CENTRAL TELEPHONE CO. v. CORR. (6 Div. 417.)

Supreme Court of Alabama. Oct. 24, 1929.

128

S. T. Wright, of Fayette, for appellant.

O. E. Young and R. G. Redden, both of Vernon, for appellee.

SAYRE, J. Action by appellee against appellant on the common counts: (1st) On account—this count is not strictly in code form, but it is substantially the equivalent of the form prescribed for the action on open account. (2d) On stated account. (3d) Account for merchandise, goods, and chattels sold. (4th) For work and labor done. The litigation grew out of a contract for the sale by appellee to appellant of a telephone system—this on January 14, 1928. Appellee's contract originally was with Herring and Einhart, but the rights of the persons named had been assigned to appellant, and the sale to appellant was consummated on February 25, 1929, when appellant paid to appellee the agreed purchase price. However, appellee, when payment of the purchase price was made, deposited with appellant the sum of $500 to be held by the latter as a guaranty that appellee had not at the time of the consummated sale collected current telephone rentals and charges for service in advance of the customary due date. The suit was to recover this $500 and an additional sum for services rendered in operating the telephone system from the date of the executory contract to the date of the completed sale, viz., from January 14 to February 25—this in agreement, as alleged, with appellee's undertaking to operate the system between the dates mentioned "in the usual and ordinary way and to keep and maintain the same in the usual and ordinary condition,

at his own cost and expense" and "seller shall pay to purchaser the net earnings of said property from and after the date hereof [the date of the original contract] to the date of consummation of this purchase." The defense, offered under the general issue "with leave to offer evidence of any facts that would constitute a valid defense if specially pleaded including set-off and recoupment," was that appellee had not paid over to appellant the net earnings for the period stipulated, and during that period had collected and retained rentals and charges in advance of the customary due date and had not turned over a connecting line operated by appellee from Caledonia, Miss., to Columbus in that state.

 Appellant requested in writing the general affirmative charge. The evidence upon the case as a whole was in conflict, and this charge was properly refused. Appellant advances two considerations upon which this charge should have been given: That appellee had, at the time of the consummated sale, collected several hundred dollars from rural lines for the entire year 1928, and that appellant had failed to turn over the Caledonia-Columbus line worth a thousand or two. As for the first named consideration, appellant's contention rests upon the proposition that appellee had collected tolls from rural lines in advance of the customary due date. Appellee's testimony was that the tolls on rural lines were due at the beginning of the year. Appellant offered to show that the general custom was to collect from rural lines quarterly; but the witness had no acquaintance with the custom of the telephone business in immediate question, and hence his testimony on this point was not admitted, and properly so for the reason that we think the "customary due date" of the contract meant "according to the custom of the telephone business the sale of which was being negotiated." As for the other consideration: We do not construe the contract between the parties to have embraced the Caledonia-Columbus line, notwithstanding its connection in use with the business being by the contract disposed of, and it appears by reasonable inference that appellant did not so construe the contract at the time of its consummation, for it appears to have accepted what was delivered to it, viz., the Vernon-Sulligent line and its rural connecting lines "in the county of Lamar," according to the description of the contract, as a compliance therewith.

The court refused appellant's written charge 2, which was in this form: "The court charges the jury that if they believe the evidence in this case you should return a verdict for the defendant under count three of the complaint."

 We have stated the substance of count 3. The Caledonia-Columbus line and its ap-purtenances eliminated, as we have thought it should be, there was no question concerning merchandise, goods, and chattels sold to appellant, the purchase price of which was in dispute. Nevertheless, the charge was refused without error as being bad in form and with a tendency to confuse or mislead the jury as to the form of their verdict in the event they found, as they must have done, with appellant on the issue presented by count 3, though finding with appellee on other counts. Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40; Louisville & Nashville v. Sandlin, 125 Ala. 585, 28 So. 40. Appellant cites in this connection Mansfield v. Morgan, 140 Ala. 567, 37 So. 393. The cited case dealt with a charge different from that here under consideration and at least, it may be said, takes no note of the cases to which we have referred. The report of Sullivan v. North Pratt Coal Co., 205 Ala. 56, 87 So. 804, does not disclose the form of the charge dealt with in that case, and Cunninghame v. Herring, 195 Ala. 469, 70 So. 148, also cited by appellant, has no bearing whatever upon the question now in hand. The charge now in question might have been given without error; but the court is of opinion that its refusal in the circumstances stated was not error. So of some other of the charges refused to appellant.

██ The argument addressed to the jury by counsel for appellee cannot be justified on any ground of law or fact, and the court upon appellant's motion excluded it from the jury. It cannot be said that it was the duty of the court to reprimand counsel in the presence of the jury. The court responded favorably to appellant's motion. If the argument was considered by appellant to be so grossly improper and highly prejudicial as that its effect could not be eradicated from the minds of the jury by the court's ruling to its exclusion, a motion should have been made for the withdrawal of the case or, after verdict, for a new trial. Standridge v. Martin, 203 Ala. 486, 84 So. 266; Metropolitan Life v. Carter, 212 Ala. 212, 102 So. 130. Appellant resorted to neither course.

██ It seems likely that appellee recovered for one item, viz., $175 for personal services rendered by him pending the time between the executory contract and the delivery of the property to appellant, for which, under the contract, appellant was not liable. But the court here is unable on the record presented to review that question in an authoritative way. Appellant reserved no exception that can be made to reach this particular point.

The judgment is affirmed.

Affirmed.

THOMAS, BROWN, and FOSTER, JJ., concur.