(137 So. 437)

## SOUTHERN RY. CO. v. ALSOBROOK.

### 8 Div. 313.

Supreme Court of Alabama.

Nov. 5, 1931.

A. H. Carmichael, of Tuscumbia, for appellant.

C. P. Almon, of Florence, for appellee.

542

**BROWN, J.**

This is an action on the case for personal injury and property damage resulting from a collision between plaintiff's automobile and defendant's train at a public street or road crossing in the city of Tuscumbia.

The complaint was in three counts. The first count ascribed the injury, in general terms, to the negligence of "the defendant, its agents, servants, or employees," without alleging that the agents, servants, or employees were acting within the line and scope of their employment; the second count, to willful and wanton conduct; and the third, to the negligence of the defendant company operating said train in "giving him (plaintiff) no warning by the ringing of a bell or the blowing of a whistle, and having no light on the rear end of said train where said coach or car was attached."

■ The court did not rule on the demurrer to the first and second counts, but the demurrer to the third count taking the point that said count shows that the plaintiff, himself, was guilty of contributory negligence, was overruled. The count avers, inter alia, "that as he (plaintiff) approached said crossing on said date and at said time he was driving his automobile at a reasonable rate of speed, and that he slowed his said automobile down *practically to a stand still,* and looked and listened for the approach of the train, and that he saw no train approaching, and heard no bell or whistle and saw no light of any approaching train, and that he proceeded to cross said tracks," etc. (Italics supplied.)

As the first excerpt taken from this count shows it counts on simple initial negligence—failing to give warning by ringing the bell or blowing the whistle, and by light on the rear end of the train—and construing the averments of the count most strongly against the pleader, it was subject to the objection pointed out in the demurrer. Louisville & Nashville R. R. Co. v. Holland, 164 Ala. 73, 51 So. 365, 137 Am. St. Rep. 25; Atlantic Coast Line R. Co. v. Jones, 202 Ala. 222, 80 So. 44. The court therefore erred in overruling the demurrer.

■■ The special written charge given at plaintiff's instance asserts that "If the agents of the defendant in charge of defendant's train discovered the presence and peril of the plaintiff in time to have avoided the injury by the exercise *of all possible* preventative effort, and failed to use all the means at hand to prevent his injury, then it would be your duty to find for the plaintiff," etc. (Italics supplied.) This charge exacted of the operatives of the train greater care and effort than the law requires. It is also self-contradictory in setting up two different standards of conduct. It was their duty, in such circumstances, only to use all the means known to skillful operatives, within their power to avert the injury. Code 1923, § 9952; Harris v. Nashville C. & St. Louis Ry. Co., 153 Ala. 139, 44 So. 962, 14 L. R. A. (N. S.) 261; Louisville & N. R. R. Co. v. Young, 153 Ala. 232, 45 So. 238, 16 L. R. A. (N. S.) 301.

■ Charge E refused to defendant ignores the issue of subsequent negligence.

The evidence made a case for the jury, and the affirmative charge was properly refused.

■ Charges in the form of charges F, G, and H have been repeatedly condemned.

For the error pointed out the judgment of the circuit court is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.