160 So. 247

### RHODES–CARROLL FURNITURE CO. v. WEBB.

**6 Div. 701.**

Supreme Court of Alabama.

Feb. 28, 1935.

Rehearing Denied April 4, 1935.

252

Wm. S. Pritchard, Jas. W. Aird, and David R. Solomon, all of Birmingham, for appellant.

Drennen & Perrine, of Birmingham, for appellee.

GARDNER, Justice.

Defendant, by its agents (two white men and a negro driving the truck), took from plaintiff's home certain furniture, which he had purchased, on what is known as a "lease-sale" contract, and upon which there was still due $15.50.

Plaintiff's case rests upon the theory of a wrongful and unlawful taking, though defendant had the title and right to possession of the furniture. Unlawful force forms the essential element of the trespass. This question was fully discussed in the recent case of Cox v. Stuart, 229 Ala. 409, 157 So. 460, and needs no repetition here.

Defendant insists, however, there was no force used, no violence or threats of violence, no physical resistance, and therefore there was no unlawful taking.

But the argument overlooks the gist of plaintiff's case as disclosed by that part of the proof, to the effect that one of the agents in asking admission to the house and taking the furniture represented to plaintiff's wife (who alone was at home at the time) that he was an officer, a "detective," as she says. That he was not an officer is without dispute. And the jury could reasonably infer from the proof that possession was thus obtained against the consent of the wife, though without any active resistance on her part. Possession thus obtained may nevertheless constitute a trespass, a wrongful taking, as decided by this court in Thornton v. Cochran, 51 Ala. 415.

Plaintiff therefore made out a case for the jury's determination. The representation relied upon by plaintiff was denied by defendant's agents, and this issue of fact was squarely presented to the jury. The trial court saw and heard these witnesses testify, that for plaintiff, a negro woman, and for defendant, two white men. There must be here indulged a presumption in favor of the correctness of his ruling (Cobb v. Malone, 92 Ala. 630, 9 So. 738), and upon due consideration, under the rule by which we are here guided in questions of this character, the conclusion has been reached that the case is not one in which the judgment of the trial judge should be here disturbed.

Plaintiff, in addition to the Code form of trespass, which would have served all purposes, added several other counts to his complaint, and demurrer thereto was overruled. It may be that some of these counts were objectionable, as argued, but that question may be pretermitted, this for the reason that the grounds of demurrer are of very general character, and come within the condemnation of our statute. Section 9479, Code 1923.

Some of these counts, notably counts 2 and C were in trover. But as defendant had the legal title and the lawful right to the possession, manifestly there could be no recovery for a conversion, and plaintiff's case must rest upon the charge of trespass. The affirmative charge as to these trover counts was refused, and it is earnestly insisted this constituted error to reverse. But these charges were bad in form. As noted, the cause was tried upon several counts, and those as to trespass were properly submitted for the jury's consideration. As to these counts for conversion, the charges required of the jury an affirmative finding for the defendant upon the hypothesis therein stated. Assuming that on this hypothesis the plaintiff was not entitled to recover on these counts, the form of the charges should have been that the jury should not find for the plaintiff, or should not find against the defendant on said counts. See Goldstein v. Leake, 138 Ala. 573, 36 So. 458, where this matter is discussed, and the more recent case of May v. Draper, 214 Ala. 324, 107 So. 862, considering the same question. As thus framed, these charges were properly refused.

We may add, however, with due propriety, that the trial judge in his oral charge submitted to the jury the single issue of fact upon which the trespass charge was based, and the verdict clearly responded to that one disputed matter.

No reversible error appearing, the judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.