· 193 So. 873

**BAILEY v. STATE.**

8 Div. 992.

Supreme Court of Alabama.

Oct. 19, 1939.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

F. E. Throckmorton, of Tuscumbia, opposed.

PER CURIAM.

Defendant (Wiley Bailey) was convicted of miscegenation (section 5001, Code 1923), and upon appeal the Court of Appeals reversed the judgment and discharged the defendant from further custody. His case was treated, from a legal standpoint, as a companion case to that of Granston Rogers v. State, Ala.Sup., 193 So. 872,[1] the two being "in all respects identical," and the opinion in the latter case treated and considered as the opinion in the Bailey case.

Looking therefore to the Rogers case, it appears the judgment of discharge by the Court of Appeals, 193 So. 871, was rested upon the theory that the felony charged was a joint offense, could only have been committed jointly, and, of consequence, the acquittal of one must necessarily work an acquittal of the other: the opinion proceeding upon the theory the record disclosed that this defendant was convicted and his co-defendant discharged. The legal conclusion of the court is rested upon Reed v. State, 20 Ala.App. 496, 103 So. 97, which fully sustains that .view.

With the exception of the racial feature, the constituent elements of the offense of miscegenation are the same as in ordinary cases of adultery and fornication. Jones v. State, 156 Ala. 175, 47 So. 100.

There was no bill of exceptions in the case, and of consequence no indication as to the proof or defense, other than a plea of not guilty, as shown by the record proper.

Our case of Gore v. State, 58 Ala. 391, is illustrative of a contrary view to that of the Court of Appeals, wherein it is made to appear that in an adultery case the conviction of one does not necessarily justify the conviction of the other. And the converse is likewise the view entertained by the weight of authority. A number of other illustrative cases may be found cited in 1 Am.Jur. page 695, where is the following: "While the view has been taken that after the acquittal of one of the defendants in a joint charge of adultery

_____

[1] Ante, p. 1.

\* \* \* there can be no conviction of the other, this is not in accord with the better authority. The proper rule appears to be that the acquittal of one of the defendants is no bar to the prosecution and conviction of the other defendant, whether jointly or severally indicted." And the following from 2 Corpus Juris Secundum, Adultery, § 11, page 478: "While it is true that, to constitute adultery, there must be a joint physical act, it is not necessary that there should be a joint criminal intent; hence, one party may be guilty and the other innocent, although the joint physical act necessary to constitute adultery is complete." See to like effect 1 R. C. L. page 643, section 21; 2 Corpus Juris page 16. Compare Vaughan v. State, 83 Ala. 55, 3 So. 530; Banks v. State, 96 Ala. 78, 11 So. 404.

The Court of Appeals, therefore, in our opinion erred in its order of discharge of the defendant upon the legal theory above indicated.

■ True the opinion also treats the question of the indictment containing a count for a felony, and also one for a misdemeanor with a general verdict of guilt thereon, as considered by this Court in Owens v. State, 104 Ala. 18, 16 So. 575.

But as an error of this character only justifies a reversal of the cause, as indicated in this latter authority, and as the Court of Appeals has rendered a judgment discharging the defendant, it is clear that the ruling was based upon the question first hereinabove treated. And upon reconsideration of the cause by the Court of Appeals, no doubt that court will give due consideration to the State's insistence that the amended certificate of the clerk of the circuit court discloses that in fact as to the misdemeanor count there was a nolle prosequi entered before defendant's trial. Though the State seems to have petitioned for a certiorari, yet no motion was made to set aside the submission, which should have preceded or accompanied the request for a certiorari to complete the record. This should have been done, and the matter was not, of consequence, properly brought to the notice of the Court of Appeals.

We think the proper course here is to reverse the judgment of the Court of Appeals, and remand the cause to that court, when the State may then proceed as above indicated for a corrected record. If the record is as insisted by the State, then, of course,

this latter question is likewise eliminated from the case.

Writ awarded. Reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, BROWN, and FOSTER, JJ., concur.

