105 So.2d 656

Marshall SNIDER

v.

Barbara Ann HAMILTON.

8 Div. 941.

Supreme Court of Alabama.

Oct. 9, 1958.

Harry Strange, Russellville, for appellant.

Guin, Guin & Cleere, Russellville, for appellee.

STAKELY, Justice.

In this case Marshall Snider (appellant) brought suit against Barbara Ann Hamilton (appellee) for damages alleged to have been suffered by the plaintiff in a collision upon a public highway in Franklin County, Alabama. The defendant filed pleas of the general issue and contributory negligence. On the issues made by these pleadings the case went to the jury and resulted in a verdict for the defendant. The plaintiff made a motion for a new trial which was overruled. This appeal followed.

Reversal is sought on (1) the action of the court with reference to certain written charges requested in writing by the appellant, (2) the action of the court in overruling the motion for a new trial, and (3) a certain ruling of the court on the evidence.

Tendencies of the evidence, among other things, showed the following. On the first day of May, 1957, the plaintiff operating a tractor coupled with a trailer and the defendant operating a passenger automobile, met and collided on a public road in Franklin County, Alabama. The road is a graveled road. The testimony of the plaintiff showed that he pulled off the road which was disputed by the defendant. The plaintiff also testified that he had stopped, which the defendant disputed. The plaintiff also testified that the tractor from the plaintiff's side of the road "wasn't quite half the road."

The collision between the tractor driven by the plaintiff and the automobile driven by the defendant was on a road which bounds the plaintiff's farm, and which is near the home of the defendant. In the early morning the defendant had been to see her sister and was returning home. The road on which the collision occurred was narrow and at the immediate point of the collision, very narrow. The highway patrolman who investigated the accident, E. B. Smith, testified that if both vehicles were in their own lane of traffic "it would be a close shave," for two cars to pass. There was testimony that the width of the road at the immediate point of collision was between 12 or 13 feet.

The defendant testified that when she came over the hill and out of an "S" curve from towards the east to the point of impact, she was traveling between 25 to 30 miles per hour, that she saw the plaintiff with his wheels of his farm tractor spread out and that he was "pushing the halfway mark". She further testified, "I couldn't tell that he turned out or slowed down," and that when she realized that he did not intend to slow down or turn out, she took her foot off the accelerator and applied the brake and "I got in the gravel and just began to skid," that her left front wheel and the left front wheel of the tractor "were about the middle of the road at the moment of impact."

I (a). Reversal is sought on the ground that the court below erred in refusing to give the general affirmative charge with hypothesis as requested by the plaintiff. There is no merit in this contention.

■ The rule in Alabama in civil cases is that where there is a scintilla of evidence which reasonably supports inferences adverse to the party asking the general affirmative charge, or from which the jury might draw an inference adverse to such party, the general affirmative charge should not be given. Pelzer v. Mutual Warehouse Co., 217 Ala. 630, 117 So. 165.

■ We consider that the evidence as to the alleged initial negligence of the defendant and also the evidence as to the alleged contributory negligence of the plaintiff was in conflict, and, accordingly, the case was a case for the jury. Alabama Great Southern Railroad Co. v. Bishop, 265 Ala. 118, 89 So.2d 738.

(b). Error is predicated on the denial by the court of the following unnumbered requested written charge:

"The Court charges the jury that if they are reasonably satisfied from the evidence that the plaintiff, in attempting to stop his tractor, acted as a reasonably prudent man would have acted under similar circumstances, then he was not guilty of contributory negligence."

■ It is sufficient to say that the foregoing charge was substantially and fairly covered by another unnumbered charge

which will appear in the report of the case. International Union, etc., v. Palmer, 267 Ala. 683, 104 So.2d 691; § 273, Title 7, Code of 1940.

 II. It is claimed that the court was in error in denying the motion of the plaintiff for a new trial. Pretermitting the proposition that the purported judgment entry contains no adjudication on the motion for a new trial, we find no error in the ruling. Since the evidence was in conflict and the court heard the evidence in person, the presumption in this court is in favor of the finding of the trial court sustaining the jury's verdict and denying the motion. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Smith v. Smith, 254 Ala. 404, 48 So.2d 546.

III. The plaintiff, testifying as a witness for himself, was asked the following question, "What was your physical condition at that time? Just tell the jury." The court sustained an objection to the foregoing question.

There was no prejudicial error, however, in this ruling because the plaintiff had already testified without objection at considerable length as to his having tried to work and having not been able to work and following the ruling on the question, he was permitted to testify again at considerable length and without objection as to his alleged pains, the alleged swollen portions of his anatomy, as to the alleged location of the alleged pains and to tell as to how and under what circumstances he thought he might have suffered pain and the extent thereof. Accordingly, assuming that there was error, it was error without injury and not available on appeal. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.