148 So.2d 629

**George Ross MATTHEWS**

v.

**Zelia H. MAYNARD.**

**6 Div. 833.**

Supreme Court of Alabama.

Jan. 10, 1963.

Mead, Norman & Fitzpatrick, Birmingham, for appellant.

London, Yancey, Clark & Allen, Birmingham, for appellee.

GOODWYN, Justice.

Appeal by defendant from judgment rendered on jury verdict in favor of plaintiff in suit to recover personal injury and property damages growing out of an automobile collision in the City of Birmingham. Defendant's motion for a new trial was overruled.

There are three assignments of error. The only one argued and insisted on charges error in "overruling appellant's motion for a new trial." The only ground of the motion relied on is as follows:

"21. For that the Court erred in orally instructing the jury as to the interpretation of the Rule of the Road contained in Title 36, Section 18(b), Code of Alabama, 1940, to which instructions of the Court the defendant duly and legally reserved an exception."

■ While an assignment that the trial court erred in overruling a motion for a new trial has "the effect of raising as a distinct assignment of error every ground stated in the motion for new trial except that the verdict was contrary to law" (Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315; Chattachoochee Valley Railway Company v. Williams, 267 Ala. 464, 471, 103 So. 2d 762), it is also the rule that the grounds of the motion relied on must sufficiently "specify the precise error alleged to have occurred" (Grimes v. Jackson, supra). In other words, a ground of a motion for a new trial is to be considered the same as if it were a separate assignment of error.

■ We are unable to determine from ground 21 of the motion just what part of the trial court's oral charge is considered to be erroneous. An examination of the oral charge discloses an exception "to that part of the court's charge where you were talking about the left turn statute. The court stated that part of the requirement of the statute in these words, 'when you are making your turn.'" An exception was also taken to the court's charge on subsequent negligence but, after a further statement by the court, that exception was withdrawn. There then followed a further discussion by the court and counsel for defendant with reference to a statute, apparently § 18, Tit. 36, Code 1940. At the end of this discussion, which covers over two pages of the record, the trial court asked if there were "any additional exceptions to the remarks made by the court." Defendant's counsel replied in the negative.

■ If an assignment of error is uncertain and indefinite as to the particular error

complained of, this court will decline to consider it. The assignment should state concisely in what the error consists. Supreme Court Rule 1, 261 Ala. XX, Code 1940, Tit. 7, Pocketpart, Appendix; Beasley-Bennett Electric Company, Inc. v. Gulf Coast Chapter of the National Electrical Contractors Association et al., 273 Ala. 32, 134 So.2d 427, 430(7), and cases there cited; Micou v. Tallassee Bridge Co., 47 Ala. 652, 658. See also: Hornaday v. First Nat. Bank of Birmingham, 259 Ala. 26, 32, 65 So.2d 678; Kinnon v. Louisville & N. R. R. Co., 187 Ala. 480, 481–483, 65 So. 397.

■ Appellee also argues that the judgment should be affirmed because the only exception made with respect to the statute (assuming the exception to be sufficiently specific) was "to that part * * * where you were talking about the left turn statute" that no insistence is now made by appellant relating to that exception; that appellant's argument relates to another part of the oral charge, that is, the statutory requirement that a signal be given for 100 feet before turning, to which no exception was taken. It is apparent that appellant's argument on this appeal relates to that portion of the oral charge to which no specific exception was taken. To invite a review of claimed error in an oral charge, an exception should be taken pointing out the particular part of the charge complained of. Woodward Iron Co. v. Stringfellow, 271 Ala. 596, 126 So.2d 96; Lusk v. Wade, 259 Ala. 555, 67 So.2d 805; Sorrow v. Industrial Life & Health Ins. Co., 259 Ala. 544, 68 So.2d 43; Guy v. Lancaster, 250 Ala. 287, 34 So.2d 499; Alabama Great Southern R. Co. v. Tapia, 94 Ala. 226, 10 So. 236.

The judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.