154 So.2d 50

**Harry D. HARDY**

v.

**J. Terry REYNOLDS, Jr.**

1 Div. 903.

Court of Appeals of Alabama.

April 23, 1963.

Rehearing Denied May 28, 1963.

Johnston, Johnston & Courtney, Mobile, for appellant.

J. Terry Reynolds, Jr., and Wm. R. Lauten, Mobile, for appellee.

PRICE, Presiding Judge.

In a suit by appellee, J. Terry Reynolds, Jr., against Harry D. Hardy and Barbara Reaves, a judgment was rendered in favor of defendant Barbara Reaves and against Harry D. Hardy, the appellant here. Barbara Reaves did not appeal. The appellee moves to dismiss the appeal because no summons or notice of the appeal was given to her as required by Title 7, Section 801, Code 1940.

In B. F. Goodrich Co. et al. v. Hughes, 239 Ala. 373, 194 So. 842, it is said:

"The Code section referred to has no application to a party defendant in whose favor the judgment was rendered. Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 93 So. 512; Mancill v. Thomas, 216 Ala. 623, 114 So. 223."

The motion to dismiss the appeal is denied.

This is an action by appellee to recover money allegedly due him for professional services rendered Barbara Reaves as her attorney in a matter involving certain property in the city of Mobile.

The complaint claims $500.00. Counts One and Two are the common Counts, for money due on account and money had and received.

The allegations of Count Three are that plaintiff was employed by Barbara Reaves as her attorney to protect her interest in certain real property in Mobile; that the attorney's fee was to be one-half the amount recovered as Barbara Reaves' share in the real estate; that in accordance with said contract of employment the plaintiff performed professional services for the said Barbara Reaves for approximately one year; that subsequent to such employment the said Barbara Reaves, with the assistance of the defendant Harry D. Hardy, who acted as agent of the purchaser, and without plaintiff's knowledge, sold her interest, in conjunction with the undivided interests of other joint owners, in said real estate to the brother of defendant Hardy for $7,000, out of which sum the said Barbara Reaves realized $1,000; that the purchase price of the property was placed in the hands of the defendant Hardy, who had prior notice of plaintiff's claim and attorney's lien to the extent of one-half the amount recovered for the benefit of Barbara Reaves; that the defendant Hardy came into possession of said purchase price to the extent of $500, as agent and trustee of the plaintiff, and notwithstanding defendant Hardy's knowledge of plaintiff's lien he conspired with Barbara Reaves to destroy said lien by delivering the full amount of the purchase price to said Barbara Reaves.

Judgment for the sum of $250.00 was rendered against the defendant Hardy.

The first contention argued by appellant is that Count Three fails to state a cause of action in that it attempts to set out a conspiracy to breach a contract of employ-

ment and that an action for conspiracy to cause another to breach his contract with the plaintiff cannot be maintained in this state, the remedy being a suit upon the contract, citing Erswell v. Ford, 208 Ala. 101, 94 So. 67; Louisiana Oil Corporation v. Green, 230 Ala. 470, 161 So. 479; and that the attorney's lien provided under subsections 3 and 4 of Section 64, Title 46, Code 1940, does not attach unless a suit has been filed and there is no allegation that suit was filed.

The sole ground of demurrer argued and insisted on for error in respect to the complaint is: (1) Count Three fails to state a cause of action.

■ Section 236 of Title 7, Code 1940, does away with a general demurrer at law. Sarber v. Hollon, 265 Ala. 323, 91 So.2d 229; Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519; State ex rel. Denson v. Howze, 247 Ala. 564, 25 So.2d 433; Ala. Power Co. v. Curry, 228 Ala. 444, 153 So. 634. Since this is a general demurrer error cannot be predicated on the court's ruling.

The trial court gave, at plaintiff's request, the following charge:

"4. I charge you, Gentlemen of the Jury, that if you believe the evidence in this case, the defendant, Harry D. Hardy, was under a duty to J. Terry Reynolds, Jr., a brother attorney, not to disburse or distribute the proceeds of the sale of the lot in which Barbara Reaves had an interest, until he had satisfied or paid the plaintiff a reasonable attorney's fee for representing the interest of Barbara Reaves."

■ The general rule is that where the evidence is in conflict or conflicting inferences may reasonably be drawn therefrom or where it contains conflicting tendencies, a jury question is presented and the general affirmative charge should not be given nor a verdict directed. 18A Alabama Digest, Trial, ⟐142.

"The rule in Alabama in civil cases is that where there is a scintilla of evidence which reasonably supports inferences adverse to the party asking the general affirmative charge, or from which the jury might draw an inference adverse to such party, the general affirmative charge should not be given. Pelzer v. Mutual Warehouse Co., 217 Ala. 630, 117 So. 165." Snider v. Hamilton, 268 Ala. 249, 105 So.2d 656.

■ The plaintiff's evidence tended to show that he was a practicing attorney in Mobile and was employed by Barbara Reaves concerning a piece of property which had been sold at a tax sale several years earlier. The agreement was that if plaintiff succeeded in securing the title to the property in the name of Mrs. Reaves his fee would be fifty percent of the amount she received for the property. It was necessary to get quit claim deeds from two Texas ladies. Mrs. Reaves assured plaintiff these heirs would cooperate in clearing the title and would sign over their shares to Mrs. Reaves. Plaintiff did a great deal of work in an effort to clear the title and he prepared and mailed instruments for the Texas heirs but they refused to execute the deeds; that without first having advised plaintiff his services had been terminated or having notified him he was no longer representing her in the matter, the said Barbara Reaves employed the defendant Harry D. Hardy as her attorney; that plaintiff contacted the said Hardy and told him that he had an agreement with Barbara Reaves for a fee when the property was sold; that he had earned a fee and wanted to be protected in his fee; that the said Hardy promised "he would not pay the money out until I had gotten my fee, or until we had agreed on a fee;" that plaintiff took him at his word and did nothing further to protect his interest. The property was sold and the proceeds, amounting to approximately $8,000, were disbursed by Harry Hardy, without first advising the plaintiff they were being disbursed and without protecting the plaintiff in his fee.

For the defendants, Barbara Reaves testified that after talking with one of her Texas cousins she had, in all sincerity, told plaintiff they would cooperate by signing their shares over to her, but later one of them said that due to changed circumstances she needed her share; that plaintiff wrote them requesting they agree to divide their shares with him as his fee for representing them; that one of them said she hadn't liked the tone of plaintiff's letters and would not let him represent her, and she refused to sign; that Mrs. Reaves heard nothing further from them until the defendant Hardy brought them to Mobile; that some ten months after her initial contract with the plaintiff he wrote a letter to her stating that unless he received cooperation from the Texas heirs he would have no recourse but to drop the case; that he never secured these signatures and about a month after the receipt of this letter she went to see the defendant Hardy and in less than six weeks Mr. Hardy had completed the entire transaction, secured title to the property in Mrs. Reaves' name and subsequently sold it.

The defendant Hardy testified plaintiff contacted him and said he would be looking to witness for his fee. Mr. Hardy replied he would protect him in his fee, if in fact a fee was due him; that subsequently he discussed the matter of plaintiff's fee with Barbara Reaves and was instructed by her not to pay the plaintiff any sum.

We consider that the charge hereinabove set out is a directed verdict with hypothesis. It is our opinion the evidence, both as to plaintiff's right to a fee and defendant Hardy's duty to satisfy the same, was in dispute, and that the case was one for the jury.

Other assignments of error will not be considered, since these matters will probably not arise in the event of another trial.

For the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.