186 So.2d 150

**GENERAL FINANCE CORPORATION**

v.

Joseph **BRADWELL.**

1 Div. 242.

Supreme Court of Alabama.

March 17, 1966.

Rehearing Denied May 5, 1966.

438

Gibbons & Stokes, Mobile, for appellant.

John A. Courtney, Mobile, for appellee.

LAWSON, Justice.

This is an appeal from a final judgment of the Circuit Court of Mobile County.

In July of 1962, Joseph Bradwell purchased a new Rambler automobile from Hardy Motor Company in Mobile. The purchase of the automobile was financed by General Finance Corporation, hereafter sometimes referred to as G. F. C. Bradwell was to make payments to G. F. C. in an amount not necessary to mention here on the 20th day of each month, beginning with the month of August, 1962, until his obligation to G. F. C. was paid.

Bradford made the payments due in August and September of 1962.

Representatives of G. F. C. repossessed the automobile during the month of October, 1962. Shortly after the repossession G. F. C. filed a deficiency judgment suit in the Court of General Sessions of Mobile County claiming the sum of $1,021.42 on a written contract, but in its complaint G. F. C. waived all amounts in excess of the $500 jurisdictional limit of the Court of General Sessions. The complaint filed by G. F. C. against Bradwell in the Court of General Sessions alleged that the repossession occurred on October 17, 1962. The suit in the Court of General Sessions resulted in a judgment in favor of the defendant, Bradwell.

On June 26, 1963, Bradwell instituted this suit in the Circuit Court of Mobile County against G. F. C. In each of three counts of the complaint Bradwell sought to recover from G. F. C. the sum of $50,000 damages. Count One claimed damages for the conversion of the automobile, Count Two for the wrongful taking of the automobile, and Count Three sought damages for malicious prosecution of the suit filed by G. F. C. against Bradwell in the Court of General Sessions. G. F. C. pleaded the general issue.

At the trial before the court and a jury, G. F. C. conceded that it had repossessed

the automobile but claimed that it was done on October 24, 1962, rather than on October 17, 1962, as claimed by Bradwell. G. F. C. claimed that it had erroneously alleged in the complaint filed by it against Bradwell in the Court of General Sessions that the repossession had occurred on October 17, 1962, due to an error of one of its office personnel. G. F. C. also contended that the repossession did not occur until after Bradwell had indicated that he did not want to keep the automobile. Bradwell denied that such was the case.

At the conclusion of the evidence, the trial court gave the general affirmative charge with hypothesis in favor of G. F. C. as to Count Three of the complaint. Thereafter the jury returned a general verdict in favor of the plaintiff, Bradwell, in the amount of $6,800. A judgment in accord with the verdict was rendered in favor of Bradwell and against G. F. C. on May 27, 1964.

On June 22, 1964, G. F. C. filed a motion for new trial which contained fifteen grounds. Upon presentation of the motion to him, the trial judge set June 26, 1964, as the day for the hearing on the motion. On June 26, 1964, the trial court ordered that the hearing on the motion for new trial filed on June 22, 1964, be continued until August 7, 1964.

On June 26, 1964, G. F. C. filed six additional grounds "to its motion heretofore filed in the above captioned matter." (Grounds 16 through 21)

Also on June 26, 1964, the trial court rendered the following order:

"In open Court on this day, on motion of the defendant; It is ordered by the Court that defendant's additional grounds of motion filed June 26, 1964, to set aside the verdict of the jury and judgment in this cause and to grant a new trial be, and the same is hereby specially continued to August 7, 1964."

August 7, 1964, was the day to which the trial court had previously continued the hearing on the original motion for new trial filed on June 22, 1964.

On August 7, 1964, the trial court rendered the following judgment:

"This day in open Court came the parties by their attorneys, and *defendant's additional grounds* to motion filed June 26, 1964, to set aside the verdict of the jury and judgment and grant a new trial in this cause, coming on to be heard and being argued by counsel and understood by the Court;

"It is ordered and adjudged by the Court that the *defendant's additional grounds* to motion filed June 26, 1964, to set aside the verdict of the jury and judgment and grant a new trial in this cause be, and the same is hereby denied." (Emphasis supplied)

Thereafter G. F. C. promptly appealed to this court from the original judgment rendered on May 27, 1964.

The appellant's assignment of error No. 1 reads: "The trial court erred in its order of August 7, 1964, denying defendant's motion for new trial." This is the only assignment of error mentioned in appellant's brief. Several of the grounds of the original motion for new trial and several of the "additional grounds" of that motion are treated separately in the brief.

We have said that a general assignment of error on appeal grounded on the refusal of the trial court to grant a motion for a new trial is sufficient to invite a review of ruling as to any ground well stated in the motion and properly argued by appellant; that is, when the motion for new trial is sufficient to specify the precise error alleged to have occurred, a general assignment of error on appeal for refusing the motion is sufficient to bring up for review those matters so precisely set out in the motion. Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315; Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So. 2d 696, 61 A.L.R.2d 1346; Shelley v. Clark,

267 Ala. 621, 103 So.2d 743; State v. Goodwyn, 272 Ala. 618, 133 So.2d 375; Louisville & N. R. Co. v. State, 276 Ala. 99, 159 So.2d 458. However, grounds of the motion for new trial relied upon must sufficiently specify the precise error alleged to have occurred. In other words, a ground of a motion for a new trial is to be considered the same as if it were a separate assignment. Matthews v. Maynard, 274 Ala. 330, 148 So.2d 629. A ground of a motion for new trial that the verdict was contrary to law is not sufficient to be treated as an assignment of error. Grimes v. Jackson, supra; Matthews v. Maynard, supra. An assignment of error to the effect that the trial court erred in overruling appellant's motion for new trial is, of course, unavailing when the record does not show a motion for new trial or a judgment overruling such motion. Thomas v. Brook, 274 Ala. 462, 149 So.2d 809.

Appellant treats the judgment of August 7, 1964, as denying the original motion for a new trial, as well as the additional grounds numbered 16 through 21, and argues that the trial court erred in overruling certain of the grounds of the original motion. But the judgment of August 7, 1964, which we have copied above, is limited to action only on the so-called additional grounds. We are not informed as to why that judgment was so worded, but we are governed by the record before us and we cannot read into the judgment of August 7, 1964, language which is not there so as to make that judgment operate as a denial of the original motion for new trial. While we look to the judgment itself, rather than to the caption given it by the clerk in preparing the record, we note that the caption reads: "Order Defendant's Additional Grounds to Motion for New Trial, Denied." The same language appears in the margin on page 23 of the record opposite the judgment of August 7, 1964.

■ It follows that we cannot consider those grounds of the original motion for new trial which appellant argues the trial court erred in denying because they have not been acted upon by the trial court. Moreover, some of the grounds are too general to warrant consideration. Matthews v. Maynard, supra.

We come now to a consideration of the so-called additional grounds of the motion for new trial which were acted upon adversely by the trial court in the judgment of August 7, 1964, and which have been argued in brief of appellant under its assignment of error No. 1, which we have quoted above.

Appellant contends that the trial court erred in denying its motion for new trial in that its ground No. 17 was well taken. That ground is to the effect that the trial court erred in refusing to give at appellant's request its written requested Charge No. 2, which reads: "Gentlemen of the jury, I charge you that under Count Three of plaintiff's complaint you must return a verdict for the defendant."

As we have indicated, the trial court at the request of appellant gave the general affirmative charge with hypothesis in favor of appellant as to Count Three. That charge reads as follows:

"I charge you, Gentlemen of the jury, that if you believe the evidence in this case you will find for the defendant as to Count Three of plaintiff's complaint."

■ The quoted charge is not in proper form and could have been refused without error. If there had been but one count in the complaint, the form would be proper but since there was more than one count the form was incorrect under a long line of our cases. We quote from Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785, as follows:

"It has long been settled by our decisions that where a complaint contains several counts, special requested written charges which direct the jury if they believe the evidence they should find for the defendant on one or the other of said counts, are properly refused. Crocker

v. Lee, 261 Ala. 439, 74 So.2d 429; Railway Express Agency v. Burns, 255 Ala. 557, 52 So.2d 177; Vredenburgh Saw Mill Co. v. Black, 251 Ala. 302, 37 So.2d 212; Christian Benevolent Burial Ass'n v. Huff, 241 Ala. 119, 1 So.2d 390; Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247; Southern R. Co. v. Alsobrook, 223 Ala. 540, 137 So. 437; Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134 So. 480; South Central Tel. Co. v. Corr, 220 Ala. 127, 124 So. 294; May v. Draper, 214 Ala. 324, 107 So. 862; Roach v. Wright, 195 Ala. 333, 70 So. 271; Kress v. Lawrence, 158 Ala. 652, 47 So. 574; Alabama Iron Co. v. Smith, 155 Ala. 287, 46 So. 475; Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40; Goldstein v. Leake, 138 Ala. 573, 36 So. 458; Mobile & O. R. Co. v. George, 94 Ala. 199, 10 So. 145. The reason for the rule is pointed out in the following excerpt from the opinion in the case last cited above:

" ' * * * While some of the charges, such as 1, 3, and 4, assert correct legal propositions, they conclude with a direction to "return a verdict in favor of defendant" under the special and separate count in reference to which they are framed. The complaint, as amended, contains six counts, as to each of which a similar charge was separately asked. Had there been but one count, or, being several, had the charge upon the effect of the evidence applied to the whole complaint, there could be no objection to such conclusion of the charge, but, when there are two or more counts, the phraseology is subject to criticism. It is calculated to impress the jury with the idea that a separate verdict must be returned as to each count, though under some they may find for the plaintiff. Its tendency is to mislead or confuse, and requires explanation. * * *' 94 Ala. 222, 10 So. 154.

"Assuming that on the hypotheses stated the plaintiff was not entitled to recover, the form of the charges should have been that the jury should not find for the plaintiff, or should not find against the defendants on the stated count. Rhodes-Carroll Furniture Co. v. Webb, supra; Goldstein v. Leake, supra." (267 Ala. 631-632, 103 So.2d 788)

The same principle applies to a charge which seeks to have the court direct a verdict in favor of the defendant as to a particular count where there is more than one count in the complaint. Western Steel Car & Foundry Co. v. Cunningham, 158 Ala. 369, 48 So. 109. That case was tried upon two counts. Among charges refused to the defendant was its Charge No. 3, which read: "The court charges the jury that they must find for the defendant as to the second count of the complaint."

The court held that Charge 3 was in bad form. The judgment of the trial court was affirmed.

■ All other questions aside, we cannot hold that the trial court erred in refusing Charge No. 2.

■ The refusal by the trial court to give appellant's written requested Charge No. 10, which will be set out in the report of the case, was not reversible error. It uses the word "find" rather than the words "reasonably satisfied" and it is not affirmative in nature. A judgment in a civil case will not be reversed or affirmed because of the refusal or giving of "find" or "belief" charges. New York Times Co. v. Sullivan, 273 Ala. 656, 144 So.2d 25, rev'd on other grounds, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686; Hatcher v. Camp, Ala., 187 So.2d 232 [1]. We point out, however, that the use of the words "believe from the evidence" is proper in an affirmative instruction. See Hatcher v. Camp, supra. Moreover, the same rule of law which appellant sought to have given to the jury in refused Charge No. 10 was substantially and fairly given to the jury in the court's oral charge and in written Charge No. 1 given at the request of appellant. § 273,

1. Post p. 475.

**442**

Title 7, Code 1940; Evans v. Patterson, 269 Ala. 250, 112 So.2d 194; Snider v. Hamilton, 268 Ala. 249, 105 So.2d 656.

■ Appellant's Charge No. 6 was refused without error. It is not an affirmative instruction and the words "find from the evidence" are used rather than the words "reasonably satisfied from the evidence." New York Times Co. v. Sullivan, supra; Hatcher v. Camp, supra.

■ The trial court did not err to a reversal in refusing appellant's requested Charge No. 7. It is not affirmative in nature and is a belief charge. New York Times Co. v. Sullivan, supra; Hatcher v. Camp, supra.

We have treated the questions properly presented to us by appellant and no reversible error being found, the judgment is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.

On Application for Rehearing

LAWSON, Justice.

Appellant has filed an application for rehearing and a petition for writ of certiorari for the purpose of correcting the record upon which this cause was submitted so as to include therein a judgment *nunc pro tunc* rendered by the trial court after our original opinion was delivered. The judgment *nunc pro tunc* shows that the trial court overruled the original motion for new trial filed on June 22, 1964, as well as the "defendant's additional grounds to motion," which additional grounds were filed on June 26, 1964.

The brief filed in support of the application for rehearing does not question our original opinion in any respect. It is, in essence, an argument that certain of the grounds of the original motion for new trial were well taken and that the trial court erred in not granting a new trial based on those grounds.

Obviously that brief is not to be considered unless we grant the petition for writ of certiorari.

Supreme Court Rule 18 provides as follows:

"A certiorari to perfect or bring up a complete record may be awarded, on motion of either party, at any time before the submission of the cause, if its object be to sustain a judgment, without a showing; but if to reverse a judgment, a sufficient showing must be made."

The case of Bowlin v. Bowlin, 267 Ala. 655, 104 So.2d 630, was submitted in this court on December 5, 1957. On the next day the appellant filed a petition for a writ of certiorari to correct the record. We refused to issue the writ on the ground that the petition therefor came after submission. There was no motion to set aside the submission.

We followed Bowlin v. Bowlin in Welch v. State, 271 Ala. 199, 123 So.2d 205, where the petition for writ of certiorari was filed after submission and there was no motion to set aside the submission. However, in Welch v. State we indicated that a motion to set aside the submission might have been entertained.

■ In the instant case the petition for certiorari comes not only after submisssion but after an opinion and judgment have been rendered by this court. There is no motion to set aside the submission, hence the petition for certiorari is denied. Bowlin v. Bowlin, supra; Welch v. State, supra; Bailey v. State, 239 Ala. 2, 193 So. 873. In the case last cited we held, in effect, that the Court of Appeals erred in granting a writ of certiorari after submission, opin-

ion and judgment where no motion was made to set aside the submission.

Even if the appellant had filed a motion to set aside the submission, it would have to meet the burden upon it of showing, among other things, that it exercised due diligence in the preparation and presentation of the appeal. Gossett v. Pratt, 250 Ala. 300, 34 So.2d 145. Appellant has made no such showing. No further application for rehearing, motion or petition will be considered in this case.

Application for writ of certiorari denied.

Application for rehearing denied.

GOODWYN, COLEMAN and HARWOOD, JJ., concur.

LIVINGSTON, C. J., and MERRILL, J., concur specially as follows.

LIVINGSTON, Chief Justice, and MERRILL, Justice (concurring specially).

We agree that the application for certiorari should be denied, but do so on the ground that after an opinion and judgment of this court have been delivered, a petition for certiorari to correct the record comes too late even if it is accompanied by a motion to set aside the submission.