214 So.2d 690

The NORTHWESTERN MUTUAL LIFE
INS. CO., a Corp.

v.

Mrs. Vivian W. WORKMAN.

No. 5 Div. 776.

Supreme Court of Alabama.

Sept. 26, 1968.

Further Rehearing Denied Oct. 10, 1968.

———◇———

Charles A. Nix, West Point, Ga., and Spain, Gillon & Young, Birmingham, for appellant.

Walker & Hill, Opelika, and James A. Hines, LaFayette, for appellee.

· ON REHEARING

PER CURIAM:

The original opinion in this cause is withdrawn and the following is substituted therefor as the opinion of the court.

The defendant appeals from a judgment for plaintiff in an action on a life insurance policy. Appellee filed a motion to strike the transcript and the cause was submitted on motion and merits. We look first to the motion.

We consider many of the points raised by the motion to be so technical that mere mention is sufficient to dispose of them.

■ The fact that the clerk marked the exhibits "filed" before they appear in the transcript rather than after, or that the margins on two pages of the record do not conform with Supreme Court Rule 21; the matter of the clerk certifying, "as the same appears of record in this office"; the fact that the name of the office and the officer filing the pleading, which properly could have been omitted under Supreme Court Rule 24; the fact that the court reporter certified that "* * * I am this day notifying counsel for parties of the filing of this transcript (of the evidence) in the office of the Clerk of the Circuit Court * * *." (Par. Added) instead of certifying that he had so notified them, Title 7, § 827(1); and the fact that the court reporter stated in the record that it was not feasible to copy an exhibit into the record instead of certifying that fact by signing his name; do not singly or collectively amount to such a departure from the rules as to cause us to strike the transcript or refuse to consider the evidence.

However, a serious violation of the rules, probably insisted on most strongly by appellee, is the manner in which the court reporter's transcript of evidence has been inserted in the record.

Apparently, the transcript of evidence, as filed by the court reporter, consisted of 185 pages followed by the reporter's certificate on the 186th page. The 186 pages so filed do not appear consecutively in the record. Following the order overruling motion for new trial, there appears an index to the testimony followed by the first 161 pages of the reporter's transcript of evidence. Next follow ten pages on which appear given charges, refused charges, a judgment, motion for new trial, order setting a day for hearing the motion, notice to attorneys for plaintiff, order continuing the motion for new trial, and order reciting that the motion has been argued, submitted, and taken under advisement.

Then follow the remaining pages of the transcript of evidence, apparently 162 through 185, designated as Evidence Presented on Motion for New Trial, and a page on which the reporter's certificate appears

Appellee makes the point that the transcript of evidence, as transcribed, certified, and filed by the reporter, has not been incorporated in the record as so transcribed, certified, and filed.

§ 827(1), Title 7, 1958 Recompiled Code, above referred to, as here pertinent recites:

"The evidence so transcribed and certified and filed shall be a part of the record, and assignments of error may be made as though the transcript constituted a bill of exceptions."

Rule 23 of this court, as here pertinent, recites:

"Copies of bills of exceptions, or transcripts of the evidence in lieu of bills of exceptions, and of papers therein referred to, shall be inserted in their proper places in the transcripts."

The transcript of evidence, as certified and filed by the reporter, has not been made a part of the record as so certified and filed. The transcript of evidence has been split into two parts and extraneous matter has been placed in the record between the two parts.

The transcript of evidence has not been placed in its proper place in the record. One part of the transcript of evidence is put in one place in the record and the other part of the transcript of evidence has been put in a different place in the record. The two places are separated by matter which is not a part of the transcript of evidence.

Appellant appears to answer the objection by describing what has been done and by saying that appellee ought to have asked for certiorari to perfect the record, citing Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371, where the transcript as certified by the clerk did not show an authentic judgment on the demurrer of plaintiff to defendant's pleas. Certiorari had been issued to complete the record by certifying the judgment on the demurrer to the pleas. The clerk made return to the certiorari which included a judgment, complete on its face, showing that demurrer to pleas was overruled. The certificate of the clerk

was that the judgment had not been written up at the time the transcript was prepared. Because the judgment on demurrer had not been entered within thirty days after final judgment and had not been entered nunc pro tunc as provided by §§ 566, 567, Title 7, this court concluded that it was not an authentic judgment on which the assignments of error were based and affirmed the judgment appealed from. This court did say: "The 'record filed for purpose of appeal is sole, conclusive and unimpeachable evidence of proceedings in lower court,'" and did deny appellee's motion to strike the supplemental judgment, but this court also refused to consider that judgment and affirmed.

■ Johnson v. Bryars, supra, does not hold that appellee is bound to ask for certiorari to perfect the record in order to support appellant's contentions on appeal. Appellant is responsible for the record on appeal as stated in Henry v. Jackson, 279 Ala. 225, 184 So.2d 133. Of course, appellee should be diligent to protect his own rights when error made in preparing the transcript of the record prejudices appellee's case

The record was filed in this court September 30, 1963. Appellee's motion to strike was filed November 29, 1963. Appellee certifies that a copy of the motion was mailed to appellant November 27, 1963. The correctness of this certificate stands unchallenged. The cause was argued and submitted four months later on April 14, 1964. Appellant did not apply for certiorari to correct such errors in the record as might have been corrected by that process but elected to stand on the record as filed.

■ We are of opinion that appellee's objections to the manner of inserting the transcript of evidence in the record are well taken, and that the transcript of evidence is not properly before us and is not to be considered.

**130**

The errors relied on for reversal are that the court erred in refusing the affirmative charge requested by appellant and also in overruling appellant's motion for a new trial on the ground that the verdict was not sustained by the great preponderance of the evidence.

In the absence of the evidence we cannot reverse for either of these two alleged errors. Turner v. Thornton, 192 Ala. 98, 68 So. 813.

We think it proper to call to the attention of attorneys, clerks, registers and court reporters that on August 26, 1968, Supreme Court Rule 41 was amended because of inquiries and suggestions resulting from the original opinion in this case.

We wish to make it clear that this court did not raise objection to the transcript on the court's own motion. The motion to strike pointed out every defect referred to in the original opinion and probably a few not referred to. We do not think that appellant has been taken by surprise.

■ Since original deliverance, in addition to application for rehearing, appellant has filed a motion to set aside the submission and also a petition for certiorari to correct the record in seventy particulars.

What was said on rehearing in General Finance Corp. v. Bradwell, 279 Ala. 437, 186 So.2d 150, seems appropriate here:

"In the instant case the petition for certiorari comes not only after submission but after an opinion and judgment have been rendered by this court. There is no motion to set aside the submission, hence the petition for certiorari is denied. Bowlin v. Bowlin, supra [267 Ala. 655, 104 So.2d 630]; Welch v. State, supra [271 Ala. 199, 123 So.2d 205]; Bailey v. State, 239 Ala. 2, 193 So. 873. In the case last cited we held, in effect, that the Court of Appeals erred in granting a writ of certiorari after submission, opinion and judgment where no motion was made to set aside the submission.

"Even if the appellant had filed a motion to set aside the submission, it would have to meet the burden upon it of showing, among other things, that it exercised due diligence in the preparation and presentation of the appeal. Gossett v. Pratt, 250 Ala. 300, 34 So.2d 145. Appellant has made no such showing. No further application for rehearing, motion or petition will be considered in this case.

"* * *

"LIVINGSTON, Chief Justice, and MERRILL, Justice (concurring specially).

"We agree that the application for certiorari should be denied, but do so on the ground that after an opinion and judgment of this court have been delivered, a petition for certiorari to correct the record comes too late even if it is accompanied by a motion to set aside the submission." (279 Ala. at 442, 443, 186 So.2d at 155)

The judgment of the trial court is affirmed and the application for rehearing is overruled.

Original opinion withdrawn.

Motion and petition denied.

Application for rehearing overruled.

Affirmed.

All the Justices concur.

### ON SECOND REHEARING

### PER CURIAM.

Appellant points out that we stated in the opinion that: "Appellant appears to answer the objection by describing what has been done and by saying that appellee ought to have asked for certiorari to perfect the record, citing Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371, where the transcript as certified by the clerk did not show an authentic judgment on the demurrer of plaintiff to defendant's pleas. Cer-

tiorari had been · issued to complete the record by certifying the judgment on the demurrer to the pleas." Appellant says that it did not say that appellee ought to have asked for certiorari and asks that the opinion be corrected on this point.

What appellant did say in brief filed May 19, 1964, is as follows:

"In the final analysis every complaint that Appellee . asserts (and we submit each is without merit) ought to have been asserted in the trial court if she thought they had any merit or substance. The holding in Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371 is here much in point:

"' * * * When the clerk certifies that the transcript which he made is a true and correct copy of the record and proceedings of that court, we accept as true that such is the record and proceedings of that court. If the transcript is not correct or omits something, the remedy is to ask for a writ of certiorari to complete it. This Court will not, on original application to it, alter, amend or strike any matter which is thus certified on the ground that the record of the trial court is imperfect, defective or incomplete. That is the province of the trial court. (Citing Cases) The "record filed for purpose of appeal is sole, conclusive and unimpeachable evidence of proceeding in lower court".'

"We respectfully submit the motion to strike the transcript should be overruled and the case should be reversed and remanded on the basis of the argument made in our original brief."

The opinion is corrected as requested by appellant.

Opinion extended.

Application for rehearing overruled.

All the Justices concur except HARWOOD, J., not sitting.