228 So.2d 21

**Mary Lou Guthrie TOWNLEY**

v.

**Rass GUTHRIE et al.**

6 Div. 399.

Supreme Court of Alabama.

Oct. 23, 1969.

T. K. Selman and Hugh Beaird, Jasper, for appellant.

Tweedy & Beech, Jasper, for appellees Franklin.

## ON REHEARING

PER CURIAM.

The original opinion in this cause is withdrawn and the following is substituted therefor as the opinion of the court. Northwestern Mut. Life Insurance Company, a Corp. v. Workman, 283 Ala. 127, 214 So.2d 690.

Appellant filed her bill of complaint in the Circuit Court of Walker County, in Equity, to sell certain described lots of land, within an urban center of Jasper, for division among the joint owners or tenants in common, and by amendment to quiet title to said property and to remove clouds on the title thereto. From a final decree adjudicating that neither the complainants nor respondents, except Ted and Ruby Franklin, also respondents, have any right, title or interest in and to said property, complainant appeals.

The evidence, taken orally before the Chancellor, is rather voluminous and some of it is irrelevant to the issues that are decisive of this appeal. The briefs of the parties do not accurately reflect where in the transcript some of the evidence may be found, but in the main, the parties are in agreement as to the substance of the evidence relating to the pivotal issues.

It appears, as we read the evidence and the summary thereof in the brief of the parties, that E. W. Miller died testate in 1919, leaving the lots, the subject matter of this suit, as a part of his estate. He left a widow, his second wife, Martha A. Miller, who died on December 29, 1963. He left no children either by his first or second wife. The widow, Martha A. Miller, dissented from the will. We note at this time that the original bill of complaint was filed on January 20, 1965 by a beneficiary un-

der the will making other beneficiaries, or their heirs, parties respondent.

The proof shows that E. W. Miller, in 1911, had mortgaged these lots to one Mrs. Copeland, who transferred the mortgage to her husband, who died. The mortgage being past due, was foreclosed in 1935 by the administrator of the transferee's estate. The administrator, in his personal and representative capacity, purchased the lands at the foreclosure sale.

In 1937, Mrs. Martha A. Miller, the widow, pursuant to Section 10140, Code of Alabama 1923, then obtaining, redeemed the lots from the foreclosure purchaser and obtained a redemption deed thereto. This deed, duly recorded, is omitted from the record. Mrs. Miller was not the executrix of her husband's will and it does not appear that she used any fiduciary funds to effect redemption. Prima facie she used her own money. Bailey v. Bond, 237 Ala. 59, 185 So. 411(3).

Mrs. Miller, in 1938, assessed the lots in her own name and continued such assessments until May 25, 1948, when she sold the lots and delivered a statutory warranty deed thereto, which was duly recorded, to John W. and Blanche T. Gray, who, on April 18, 1956, sold the property and delivered a warranty deed thereto, duly recorded, to Ted and Ruby Franklin. The grantees in these two deeds assessed the property respectively and paid taxes thereon. Prior to the redemption, it appears that the property was assessed by the executors of the decedent's will.

We note that appellant in her brief states as follows:

"Appellees Ted Franklin and Ruby Franklin admit that Martha A. Miller had a life estate in the property in question up until her redemption of the same from the mortgage of the Copelands."

While we recognize the good faith and sincerity of this statement, we are unable to find such admission either in the record or in appellees' brief. Appellees in their brief contend that no dower was assigned. Mrs. Miller, by virtue of her dissent, was entitled to dower in the real estate of her deceased husband. (Title 34, Sec. 40, Code 1940, Recompiled in 1958), proceedings therefor to be commenced under some circumstances within three years, but no later than ten years, after the death of her husband. Title 34, Sec. 63, Code 1940, Recompiled in 1958. It does not appear in the record, so far as our search reveals, that these lots were ever assigned as dower to Mrs. Miller. Some proceedings appear with reference to dower, but these lots were never assigned as dower to Mrs. Miller. We are bound by the record in the instant case.

What possessory acts, if any other than assessment for taxes, that Mrs. Miller exercised with respect to the lots at issue after her redemption and prior to her sale to the Grays are not clear, but it does appear that she acquired color of title when she redeemed.

As we have noted, supra, Mrs. Miller parted with her redemption title and conveyed to the Grays, by statutory warranty deed, dated May 25, 1948. The deed was duly filed for record on May 26, 1948. Mr. and Mrs. Gray went immediately into actual possession of the lots. They made considerable improvements during their possession. The lots were two or three feet below the street level and required considerable filling in with dirt for remunerative occupancy. In filling the lots with dirt, Mr. and Mrs. Gray incurred considerable expense. The Grays also paid for street paving adjoining the lots. The grantees rented the property for use as a used-car lot. The lessees were Al Gray and also Franklin Motor Company. Many electric lights were strung on the premises for illumination in displaying the cars at night. This use and occupancy continued during the time the Grays kept possession.

After Mr. and Mrs. Franklin purchased the lots on April 18, 1956 from Mr. and Mrs. Gray, they paved the lots and used them also for the storage of automobiles. They erected adequate office space on the premises, and made improvements on the lighting system. We think the proof amply shows that Mr. and Mrs. Franklin used the lots for commercial purposes from the time they purchased in 1956 to the date suit was filed in January 1965, and thereafter during the trial.

We think the evidence clearly shows that for a period of ten years and longer the Grays and the Franklins held hostile possession under a claim of right; that such possession was actual, exclusive, open, notorious and continuous. Parrish v. Davis, 265 Ala. 522, 92 So.2d 897(8). The possession of both the Grays and the Franklins was under a deed or color of title purporting to convey title to each of them. The deed or color of title of the Grays was duly recorded in the office of the judge of probate of the county in which the lots lie for ten years before the commencement of this action. The deed of the Franklins was likewise duly recorded in the office of the Judge of Probate of Walker County where the lots lie. The purchasers annually listed the lots for taxation for ten years and more prior to the instant suit. The color of title of the Franklins when added to the color of title of the Grays has been of record for more than ten years. Title 7, Sec. 828, Code 1940 (Recompiled in 1958). The defense of adverse possession was available to the Franklins and was sustained as we view the evidence.

We omit consideration of Mrs. Miller's possession, if such was a fact, from the date of her redemption deed in 1937 to May 23, 1948, when she conveyed to the Grays. Suffice it to say that the lots were not assigned to her as dower. The lots were not a homestead. Mrs. Miller acquired no interest in the lots by virtue of her dissent from the will except the right to have them considered by the commis-

sioners as dower. As we have already pointed out, no such assignment was made. It is unnecessary to discuss what interest, if any, Mrs. Miller acquired in the lots when she redeemed from the mortgage foreclosure sale. Suffice it to say that she conveyed under her color of title to the Grays who went into immediate possession under their recorded deed, and at that time adverse possession began, if not before, and continued during their possession under their deed. This adverse possession continued when the Franklins acquired the lots by deed from the Grays and ripened into title during their possession.

We note from the record and the evidence that from 1937, when Mrs. Miller redeemed, to the date of suit, filed on January 25, 1965, a total of approximately twenty-six years, complainant and the other respondent beneficiaries under Mr. Miller's will, did not assert any claim to the lots, but were content to remain quiet until a few months after the death of Mrs. Miller on December 29, 1963. It may be that some or all of them concluded that Mrs. Miller was a life tenant of the lots, and that nothing could be done until her death. But such life tenancy was not a fact and such knowledge was available to them on proper investigation. Such failure of adequate investigation, perhaps leading to factual knowledge of Mrs. Miller's interest, if any, is no answer to the adverse possession which commenced when, if not before, Mrs. Miller conveyed to the Grays. The adverse possession of the Grays and the Franklins, when combined, totaled approximately seventeen years.

We think the trial court was correct in denying relief to complainant and in decreeing that Ted Franklin and Ruby Franklin are the legal owners of the lots.

The decree of the trial court is affirmed and the application for rehearing overruled.

The foregoing opinion on rehearing was prepared by B. W. Simmons, Supernumer-

ary Circuit Judge, and was adopted by the Court as its opinion.

Original opinion withdrawn and this opinion substituted therefor.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, BLOODWORTH and McCALL, JJ., concur.